ZEBULINE H. SCHAFER, APPELLEE, V. PAUL J. SCHAFER, APPELLANT.

FILED APRIL 21, 1904. No. 13,526.

1. **Divorce**: VACATING DECREE. The provisions of sections 602 of the code apply to divorce proceedings as well as to other proceedings in which it is sought, upon the grounds therein mentioned, to vacate or modify a decree or judgment after the term.

2. **Statute**: CONSTRUCTION: REPEAL BY IMPLICATION. Repeals by implication are not favored, and a construction of a statute which, in effect, repeals another statute will not be adopted, unless such construction is made necessary by the evident intent of the legislature.

3. ———: ———. Sections 1 and 2, chapter 49, laws of 1885, *held* to apply to the commencement of proceedings in the supreme court, and not to repeal section 602 of the code in its application to proceedings commenced in the district court to vacate a decree of divorce.

4. **Petition**: SUFFICIENCY. Petition for new trial under the provisions of section 602 examined, and *held* to state a cause of action.

APPEAL from the district court for Douglas county: GUY R. C. READ, JUDGE. *Reversed.*

*Burkett & Greenlee,* for appellant.

*Geo. A. Magney, contra.*

KIRKPATRICK, C.

On October 22, 1902, appellee procured to be entered by the district court for Douglas county a decree of divorce in her favor, and against the appellant, awarding to her the custody of their three minor children, and enjoining appellant from in any way interfering with their custody and control. Appellant was a resident of the state of California, and made no appearance in the case until after the decree, service having been made upon him by publication. On the 18th day of August, 1903, appellant filed in the district court a petition asking a new trial under the provisions of section 602 of the code, and that he be allowed to

defend. The petition is of too great length to be copied
herein, but it sets out facts which, if true, show that ap-
pellee was a nonresident of the state at the time she pro-
cured her divorce; that her allegation of residence was a
fraud upon the court; and that the divorce was obtained
upon unlawful, corrupt and perjured testimony of the ex-
tremest character, and that appellant had an absolute de-
fense to the cause of action set out in her petition; that
appellant had no knowledge of the pendency of the proceed-
ings for nearly a year, and until after the adjournment of
the term; that the notice was fraudulently published in an
obscure weekly paper in Douglas county, for the purpose
of preventing appellant from acquiring knowledge of its
pendency; that the next day after the decree was entered,
appellee crossed the river into Council Bluffs, Iowa, and
there intermarried with one Beck, whose intimacy with
appellee, it is alleged, was the cause of the separation of
the parties, which occurred in California. Appellant, in
his petition, brought himself fully and clearly within the
provisions of section 602 of the code, authorizing the grant-
ing of new trials after the term at which the decree was
rendered.

Appellee contends that, by the provisions of section 45
and 46, chapter 25, Compiled Statutes (Annotated Stat-
utes, 5369, 5370), all divorce proceedings are taken out of
the provisions of section 602, and that, in proceedings
to vacate or modify a decree of divorce, or to obtain a
new trial in a divorce case, except in so far as it affects
alimony or the custody of children, they must be brought
within 6 months; and that, conceding all that appellant
alleges in his petition to be true, and that the divorce was
obtained by perjury, and that the court had no jurisdic-
tion, yet, the court is powerless to grant appellant any
relief. The doctrine contended for strikes us as mon-
strous, and we are not inclined to accede to its correct-
ness, unless the language of the statute is such as to
make that construction imperative. The act relied upon
by appellee in support of her contention was passed in

1885. (Laws, ch. 49.) It is composed of two sections, in the language following:

"Section 1. It shall be unlawful for any person who shall obtain a decree of divorce to marry again during the time allowed by law for commencing proceedings in error or by appeal for the reversal of such decree, and in case such proceedings shall be instituted it shall be unlawful for the defendant in error or appellee to marry again during the pendency of such proceedings, and a violation of this act shall subject the party violating it to all the penalties of other cases of bigamy.

"Section 2. No proceedings for reversing, vacating, or modifying any decree of divorce, except in so far as such proceedings shall affect only alimony, property rights, custody of children, and other matters not affecting the marital relations of the parties, shall be commenced unless within six months after the rendition of such decree, or in case the person entitled to such proceedings is an infant, a person of unsound mind, within six months, exclusive of the time of such disability."

From a careful reading of these sections, we are of opinion that they will not bear the construction sought to be placed upon them. Prior to the passage of this act, proceedings in error in all cases might be brought in the supreme court within one year. The legislature seems to have concluded that, so far as decrees of divorce were concerned, error proceedings, except as affecting children and property rights, should be commenced in the supreme court within six months, the time already limited for appeals, and to effectuate this purpose, enacted the sections quoted. It is apparent to us that the sections referred to will not bear the construction contended for. If any doubt existed as to the meaning of this enactment, we would be at liberty to look to the title of the act to aid the construction, which is in the following language:

"An act to prevent the marriage of divorced persons during the time allowed for proceedings to reverse the decree of divorce, and during the pendency of such pro-

ceedings, and to fix the time within which such proceedings may be commenced."

The language used in the title, even if the meaning of the sections themselves were not clear, shows, beyond question, that the act was only intended to apply to proceedings commenced in the supreme court.

Appellee contends that, because the act permits parties to marry after six months, if no proceedings to reverse have been commenced, therefore, it was intended to apply as well to proceedings commenced in the trial court; and that, being an act complete within itself, it repeals by implication the provisions of section 602. It is probably true that parties may marry again after six months from the date of the decree, if no error or appeal proceedings have been commenced; but there is no doubt that in so doing they must take their chances on having the decree vacated upon a proper application under the provisions of section 602, and, in such event, must bear the consequences that flow from a vacation of the decree, since all persons are charged with knowledge of the law. Repeals by implication are not favored, and a construction which results in an implied repeal of some other enactment should only be resorted to when made necessary by the evident intent of the legislature. In the case at bar there is no necessity to adopt such construction. The language of the sections quoted is plain, and we can not see that they deprive appellant of any rights granted by section 602.

It follows from what has been said that the trial court erred in sustaining the demurrer to the petition of appellant, and it is therefore recommended that the judgment be reversed.

DUFFIE and LETTON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.