STATE, EX REL. FRED H. ROHRS, APPELLEE, V. A. N. HAR-
RIS ET AL., APPELLANTS.

FILED JANUARY 15, 1917.   No. 19868.

Counties and County Officers: DEPUTIES: APPOINTMENT. The act re-
quiring the county commissioners to "furnish the sheriff with such
deputies as they shall deem necessary" and to "fix the compensa-
tion of such deputies" does not repeal by implication the former
enactment conferring upon the sheriff the power to appoint dep-
uties, the statutes as they now exist requiring the county board
to determine the number of deputies and to fix their compensation
and authorizing the sheriff to make the appointments. Rev. St.
1913, secs. 2443, 5735.

APPEAL from the district court for Nemaha county:
JOHN B. RAPER, JUDGE.  *Affirmed.*

*H. A. Lambert* and *Fred G. Hawxby,* for appellants.

*Kelligar & Ferneau* and *R. F. Neal, contra.*

ROSE, J.

Relator applied to the court below for a writ of man-
damus to compel respondents as county commissioners of
Nemaha county to approve his bond as deputy sheriff.
The county board had made an order allowing the sheriff
a deputy at a salary of $1,000 a year. There being a
vacancy in the office of deputy, the sheriff filled it by
the appointment of relator, who tendered a bond which
the county board declined to approve, on the ground
that the legislature had taken from the sheriff the ap-
pointing power. An alternative writ was issued, and the
trial court overruled a demurrer thereto. Respondents
refused to plead further, and from an order allowing a
peremptory writ they have appealed.

The authority of the sheriff to make the appointment
is the question presented. Relator relies upon the fol-
lowing statutory provisions:

"The state auditor, treasurer and librarian respect-
ively, and each county register of deeds, treasurer, sheriff,

clerk and surveyor, may appoint a deputy, for whose acts he shall be responsible and from whom he shall require a bond, which appointment shall be in writing, and shall be revocable by writing under the principal's hand." Rev. St. 1913, sec. 5735.

"The sheriff may appoint such number of deputies as he sees fit." Rev. St. 1913, sec. 5738.

Respondents contend that the provisions conferring upon the sheriff the appointing power were by implication repealed by a later act entitled, "An act fixing the salaries of sheriff and the manner of appointing and paying their deputies." Laws 1907, ch. 54.

Respondents rely upon the following section: "The board of county commissioners or supervisors shall furnish the sheriff with such deputies as they shall deem necessary and shall fix the compensation of such deputies who shall be paid by warrant drawn on the general fund." Laws 1907, ch. 54, sec. 2.

Unless the enactment quoted repeals by implication the former provisions empowering the sheriffs to appoint their own deputies, the position of respondents is untenable. The law relating to repeals by implication has been stated as follows:

"A statute will not be considered repealed by implication unless the repugnancy between the new provision and the former statute is plain and unavoidable." *Lawson v. Gibson,* 18 Neb. 137. *Albert v. Twohig,* 35 Neb. 563; *Beatrice Paper Co. v. Beloit Iron Works,* 46 Neb. 900; *Dawson County v. Clark,* 58 Neb. 756; *City of Central City v. Marquis,* 75 Neb. 233.

"Repeals by implication are not favored, and a construction of a statute which, in effect, repeals another statute will not be adopted, unless such construction is made necessary by the evident intent of the legislature." *Schafer v. Schafer,* 71 Neb. 708.

"Statutes *in pari materia* should be construed together, and their provisions harmonized, if possible." *State v. Dunn,* 76 Neb. 155.

The provision that "the sheriff may appoint such number of deputies as he sees fit" is, of course, repugnant to, and inconsistent with, the later enactment conferring upon the county commissioners power to "furnish the sheriff with such deputies as they shall deem necessary," but a reasonable construction may harmonize the other legislation relating to deputies as it appears in the two acts. Respondents take a different view, however, and argue that the later provision, requiring the county commissioners to "furnish the sheriff with such deputies as they shall deem necessary," when considered with the title referring to the "manner of appointing" deputies, confers the appointing power upon the county board. The subject as expressed in the title may be broader than the enactment. In the body of the act itself the word "furnish" is used. The legislature of 1907 did not insert a repealing clause, and evidently intended to authorize the county's administrative body to determine the number of deputies needed and to fix the compensation, leaving the appointment to the sheriff, according to the terms of the former act. The word "furnish" is properly used in that sense. The action of the board in determining the number of deputies necessary and in fixing the salary is consistent with the sheriff's appointing power. In this view of the law the writ was properly allowed.

AFFIRMED.