ALBERT D. BECKER, APPELLEE, v. COUNTY OF PLATTE, NEBRASKA, APPELLANT.
No. 33070.
MARGARET LIPS, APPELLEE, v. COUNTY OF PLATTE, NEBRASKA, APPELLANT.
No. 33071.
DELORES BENNING, APPELLEE, v. COUNTY OF PLATTE, NEBRASKA, APPELLANT.
No. 33072.
50 N. W. 2d 814

Filed January 11, 1952.

Byron Reed, and Beynon, Greenamyre & Hecht, for appellants.

Walker, Luckey & Hunter, for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

This is an appeal from the district court for Platte County. It involves three claims filed against Platte County for services rendered in the office of the county assessor. The three claimants, their claims having been disallowed, appealed to the district court for Platte County. There the three claims were consolidated for trial, jury being waived. The trial court found for each of the claimants and entered judgment against the county accordingly. Its motion for new trial in each case having been overruled, the county appealed.

The cases on appeal were consolidated for the purpose of briefing and oral presentation. Since they involve the same or comparable situations we will consolidate them for the purpose of this opinion.

It is either admitted or established by the evidence that the budget of Platte County, for the fiscal year July 1, 1949, to June 30, 1950, fixed the amount available for the county assessor in the sum of $11,475; that claimants Margaret Lips and Delores Benning were appointed full-time assistants and claimant Albert D. Becker was appointed a special assistant to the county assessor, J. R. Brunken, and their salaries fixed, all in accordance with the provisions of section 77-401.01, R. S. Supp., 1949; that during the period from March 10 to April 21, 1950, inclusive, claimant Becker worked 37 days for which

he filed a claim for $296; that claimants Lips and Benning worked regularly during the fiscal year July 1, 1949, to June 30, 1950, and were paid for the first eleven months thereof and filed their claims for June 1950; that the work performed by these claimants was services necessary to enable the assessor to properly perform the duties of his office; that the claim of Margaret Lips for June 1950 was in the sum of $110 and of Delores Benning for the month of June 1950 was in the sum of $100; that all three claims were filed with the county clerk of Platte County on June 10, 1950; and that the board of supervisors of Platte County disallowed these three claims on June 15, 1950, for the reason that the amount allowed in the county budget for the office of county assessor was then exhausted.

It is appellant's thought that since the amount appropriated in the budget to the office of county assessor had been exhausted when these claims came up for consideration that under the provisions of the County Budget Act of 1937, being Chapter 23, article 9, R. S. 1943, as amended, particularly sections 23-916 and 23-917 thereof, that the county was not liable and therefore the board of supervisors properly disallowed the claims. We shall hereinafter refer to the County Budget Act of 1937, as amended, as the Act.

Section 23-917, R. S. 1943, of the Act, insofar as here material, provides: "After the adoption of the county budget, no county shall be liable, * * * on any contract, * * * for any services rendered such county in pursuance of any contract entered into by or on behalf of such county in violation of the provisions of section 23-916."

It will be noted that section 23-917, R. S. 1943, is applicable when the contract is in violation of the provisions of section 23-916, R. S. 1943.

Section 23-916, R. S. 1943, insofar as here material, provides: "After the adoption of the county budget, no officer, department or other expending agency shall ex-

pend or contract to be expended any money, or incur any liability, or enter into any contract which, by its terms, * * * involves the expenditure of any money for any of the purposes for which provision is made in the budget in excess of the amounts provided in said budget for such office, department or other expending agency, or purpose, for such fiscal year. Any contract, verbal or written, made in violation of this section shall be null and void as to the county, and no moneys belonging thereto shall be paid thereon."

Section 23-916, R. S. 1943, does not relate to the condition of the budget at the time a claim is filed or acted on by the board but to the time the contract is entered into or liability incurred for any of the purposes for which provision is made in the budget. That valid claims may be presented, the allowance of which will result in deficits, is contemplated by the Act for section 23-903, R. S. Supp., 1949, provides in part: "The budget of the county shall present a complete financial plan for the period for which said budget is drawn, as hereinafter provided. It shall set forth (1) all proposed expenditures for the administration, operation and maintenance of all offices, departments, activities, funds and institutions of the county, (2) the actual or estimated operating deficits from prior years, * * *."

If such a deficit results because there have been filed, allowed, and paid claims for which the county was not liable under the Act the county is protected by section 23-919, R. S. 1943, which provides in part as follows: "Any member of the county board or any other official whose duty it is to allow claims and issue warrants therefor, or to make purchases, incur indebtedness, enter into contracts for or on behalf of the county, who issues warrants or evidences of indebtedness, or makes any purchase, incurs any indebtedness or enters into any contract for or on behalf of the county contrary to the provisions of said sections, shall be liable to the county for such violations in the full amount of such

expenditures, and for the full amount which the county may be required to pay by reason of any purchase made, indebtedness incurred or contract made contrary to the provisions of said sections, whether the liability of the county to pay for such supplies, materials, merchandise, equipment or services is based upon said contract or upon quasi-contract, or upon an obligation arising by operation of law, and recovery may be had against the bondsman of such official for said amounts."

At the time claimants Lips and Benning were appointed regular full-time assistants by the assessor and their appointments were consented to and their salaries fixed by the board of supervisors the balance available in the budget of the county assessor was sufficient to cover their salaries for the fiscal year from July 1, 1949, to June 30, 1950, which included June of 1950 for which claim is here made. The same appears to be true on March 6, 1950, when claimant Becker and eleven others were appointed special assistants. Eleven of these special assistants filed claims and all but claimant Becker were paid.

We have come to the conclusion that under the Act, particularly section 23-916 thereof, that the contracts of these claimants for services to be rendered in the office of the county assessor were not in violation of that section because of the condition of the assessor's budget at the time they were entered into. We therefore affirm the action of the trial court as to all three claims.

AFFIRMED.