ROBERT ROTHENBERGER, APPELLANT, V. LOWELL WILKS
ET AL., APPELLEES.

184 N. W. 2d 626

Filed March 12, 1971. No. 37657.

C. Morris Gillespie, for appellant.

W. H. Kirwin, for appellee Wilks.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SPENCER, J.

This is an action founded in bailment to recover damages to appellant's truck while it was being used, allegedly in the course of the bailment by appellee Larry Rothenberger, purportedly an employee of appellee Wilks. The trial court dismissed the action as to Wilks and rendered judgment against Larry Rothenberger for $350. We affirm.

On October 27, 1967, Robert Rothenberger, hereinafter referred to as appellant, was living in a trailer house owned by him on the Fred Schlager farm, north and east of Minatare, Nebraska, on which Wilks was conducting a sheep feeding operation. His brother, Larry Rothenberger, hereinafter referred to as Larry, and his uncle, Sam Kling, hereinafter referred to as Sam, were living with him. Sam was employed by Wilks in the feeding operation. Larry was employed by Wilks to pile beets on a piecework basis by the acre. This had no connection with the feeding operation and the evidence is undisputed that Larry was paid by Wilks solely for piling beets. The only tool used by him to pile beets was a pitchfork. Larry frequently helped Sam with the feeding, and Sam on occasion helped Larry in the piling of beets. Appellant, who was otherwise employed, also on occasion helped Sam with the feeding operation.

About 3 or 4 days prior to October 27, 1967, Sam contacted Wilks and told him the tractor they were using in the sheep feeding operation had broken down, and asked if it was all right if he used appellant's truck to haul feed. Wilks told him it would be all right, and

bought some oil for the truck. The truck in question, along with two other vehicles owned by appellant, was parked on the farm in the immediate vicinity of appellant's trailer. Larry had permission to use his brother's vehicles, and very frequently used the truck.

The truck was damaged about 5 p.m., October 27, 1967, after Larry had taken it from the premises over a county road adjoining the farm to an intersecting blacktop road. There is no information of any nature in the record as to how the accident happened. Certain pictures of the truck received in evidence indicate the front end came in forcible contact with some object. Both Sam, who was riding with Larry, and Larry were thrown from the truck by the impact. It is Larry's testimony that he left the premises with Sam to go around to the other end of the farm to secure beet tops to feed the sheep the next morning.

The feed yard is in the northeast corner of the farm. The beet field in question adjoins the feed yard. Actually, it had been necessary to harvest beets at that point to place the sheep pens there. The testimony of Wilks as well as that of the owner of the farm indicate that it was not necessary to leave the farm or to use the public road to get from the feed yard to the field where the beet tops were to be loaded. The undisputed evidence is that at least an hour would be required to bring in a load of beet tops and it would have been dark when they were brought in if that was the intention. Wilks' testimony is that he had instructed Sam as well as other sheepfeeders in his employ that they must be away from the feed pens before sundown. He also testified that there were plenty of beet tops piled near the pens for the next morning, and that customarily only a 1-day supply would be hauled in because the tops mold quickly when stacked.

It is unnecessary to a decision herein to reach any of the bailment questions raised by appellant. For the purposes of this opinion we assume bailment. Two ques-

tions are then presented: First, was Larry an employee of Wilks at the time of the accident; and, second, if so, was the damage to the truck sustained within the scope of the bailment?

It is undisputed that Larry was hired by Wilks on a contractual basis to stack beets. He did not use a truck in this work but only a pitchfork. The hauling of beet tops for feed was no part of his employment. That task was within the scope of the employment of his uncle. Wilks did know that Larry and Sam lived together on the farm and occasionally helped each other. The evidence is undisputed that Larry often used the truck in question for his own purposes, and that it was under the control of Larry or appellant. It was used only occasionally in the feeding operation and this when it was necessary to haul feed. Assuming an implied employment relationship, we still must face the question as to whether the damage to the truck occurred within the scope of the bailment.

The question involved is one of fact, which the trial court acting without a jury decided adversely to the appellant. Our law is well established that in an appeal from a judgment in a law action tried by the court without a jury, this court will not disturb findings of fact based on conflicting evidence unless such findings of fact are clearly wrong. The credibility of witnesses and the weight to be given their testimony in such cases are for the trier of fact. Highway Equipment & Supply Co. v. Jones, 182 Neb. 234, 153 N. W. 2d 859. This rule is applicable herein and is controlling.

Judgment affirmed.

AFFIRMED.