E. HERBERT THILES, IN PERSON AND FOR ALL OTHERS SIMI-
LARLY SITUATED, APPELLEE, V. COUNTY BOARD OF SARPY
COUNTY, A CORPORATE BODY POLITIC, ET AL., APPELLEES,
FRED ISKE, INTERVENER-APPELLANT.
200 N. W. 2d 13

Filed August 4, 1972.   No. 38219.

(1)

Wall & Wintroub, for intervener-appellant.

Ronald Reagan, for appellee Thiles.

Paul E. Watts, Michael N. Schirber, Samuel A. Boyer, Stephen Greenberg, and Eugene Atkinson, for appellees County Board of Sarpy County et al.

Heard before SPENCER, SMITH, and NEWTON, JJ., and LYNCH and MORAN, District Judges.

LYNCH, District Judge.

This action was originally filed by a taxpayer who asked that a contract of employment executed by the county board of Sarpy County be declared void.

It is undisputed that the board hired Dale L. Payne as an administrative assistant on December 30, 1968, and that by resolution his duties included assisting the board in obtaining government grants, representing the county on legislative matters, and aiding the board when so instructed.

The plaintiff's witnesses were the county clerk, county

treasurer, four county commissioners, and the defendant Payne. After the plaintiff rested and before the trial was resumed, the parties stipulated that the defendant Payne had been appointed civil defense director and that the office of administrative assistant was unfilled. The court then sustained defendants' motion to dismiss the action.

Thereafter another taxpayer was granted leave to intervene. He filed a motion for a new trial, which was granted. A second amended petition asked that the employment contract be declared void and that judgment be entered against the defendants for all sums paid pursuant thereto.

Intervener's proof was the transcript of the original trial, expense and salary claims, extracts from minutes of county board meetings, the 1969-1970 county budget, warrants payable to Payne, and the general ledger from July 1, 1966, to December 31, 1969, as it pertained to the inheritance tax fund.

The trial judge filed an order of dismissal and memorandum in which he found that Dale L. Payne was employed as an administrative assistant to the Sarpy County board; that his duties, which included lobbying, were defined in a resolution of the county board and his salary fixed; that under section 23-104, R. R. S. 1943, a county is empowered to make contracts and to do all other acts in relation to the concerns of the county necessary to the exercise of its corporate powers; that there was no evidence the county board abdicated or attempted to replace other county or state officials with Payne; that lobbying was not a function or duty of any other county officer; that although the 1968-1969 budget made no specific provisions for the employment of an administrative assistant, the budget did appropriate $21,505 labeled "Miscellaneous general" and as of January 1, 1969, there was a balance in this fund of $21,497; that a contract for services to be paid for from the general fund and not in excess of the unexpended bal-

ance is not in violation of the provisions of the budget act; and that expenditures of inheritance tax funds for general fund purposes is authorized by statute, although there probably should have been a resolution transferring the amounts rather than simply directing the payment of a general fund item out of the inheritance tax fund, which the trial court considered a defect in form rather than in substance.

The intervener's motion for new trial was submitted without argument and overruled.

Intervener asserts the trial court erred: (1) In holding that the county board did not exceed its statutory powers in employing an administrative assistant; (2) in holding that it was not unlawful to employ an assistant to perform duties which by law were to be performed by the board itself, another county officer, or a state officer; (3) in holding that the employment of an assistant and the payment of his claims for work and expense were not in violation of the county budget act; and (4) in holding that the payments from the inheritance tax fund were not illegal. The assignments will be considered in the order enumerated.

Section 23-104, R. R. S. 1943, provides: "Each county shall have power * * * (6) to make all contracts and to do all other acts in relation to the property and concerns of the county necessary to the exercise of its corporate powers; * * *." Section 23-106, R. R. S. 1943, directs that: "The county board shall manage the county funds and county business except as otherwise specifically provided." In Speer v. Kratzenstein, 143 Neb. 300, 9 N. W. 2d 306, this court held: "County commissioners are clothed with the powers expressly conferred upon them by statute and also such powers as are requisite to enable them to discharge the official duties devolved upon them by law." See, also, Wherry v. Pawnee County, 88 Neb. 503, 129 N. W. 2d 1013; Beadle v. Harmon, 130 Neb. 389, 265 N. W. 18. In Gamboni v. County of Otoe, 159 Neb. 417, 67 N. W. 2d 489, it is

stated: "Unless prohibited by statute, a county board may adopt such means to assist county officers to properly discharge the duties of their offices as in its judgment it shall deem necessary."

The county commissioners testified in substance that the rapidly expanding population of Sarpy County demanded more time than part-time board members could devote; that they could not adequately investigate all areas of responsibility; that the county was disregarded because of a lack of knowledge concerning available state and national funds; that legislation affecting the county should be examined and the county be competently represented; that there was a need for someone to assemble information in many branches of government management so that the board could function more efficiently; and that the hiring of an assistant had been considered for about a year and a half prior to the appointment. No other pertinent testimony was adduced concerning the judgment of the county commissioners and their purposes in employing an administrative assistant.

"County boards are usually given authority to make all contracts necessary and incident to the management of the interests of the county, and they may stipulate as to the manner in which such contracts are to be performed and contract with ministerial officers of the county, unless such contracts are prohibited by statute." 14 Am. Jur., Counties, § 40, p. 209.

The duties of the assistant described in the board's resolution and the evidence were not shown to be prohibited, there was no contradiction or impeachment of the commissioners' testimony that hiring an assistant was a county need, and there was no claim that Payne did not perform the work assigned to him. Notice can be taken of the comparatively sudden growth of Sarpy County and the unforeseen problems and duties that necessarily resulted. Neither the plaintiff nor intervener submitted evidence from which the trial court

could have found that there was a doubt concerning the power of the board to employ assistance for the stated purposes. Even where there is conflicting evidence in a trial to the court, this court will not disturb findings of fact unless they are clearly wrong. Rothenberger v. Wilks, 186 Neb. 514, 184 N. W. 2d 626; American Standard Ins. Co. v. Tournor, 186 Neb. 585, 185 N. W. 2d 267. To extend the theory of strict judicial construction to the circumstances of this case would defeat the purposes for which the Legislature specifically granted to counties the right to perform acts essential to the concerns of the county. As the trial judge aptly stated, section 23-104, R. R. S. 1943, is not a "strait jacket."

Relative to the second assignment of error, there was evidence that a primary duty of the administrative assistant was to lobby, and that county officials and board members had lobbied occasionally and had performed other tasks included in the new position. Intervener argues that an elected state Legislator was representing Sarpy County, that the county board, county clerk, and county attorney previously performed duties included in the job plan for the board's assistant, and that no general law authorizes the hiring of an administrative assistant or a lobbyist.

Speer v. Kratzenstein, *supra,* confirms at page 317 that: "Concededly, a county board is without power to contract with a person to perform acts which are a part of the official duties imposed by statute on the board itself or another county officer or on an officer of the state. 20 C. J. S. 1014, sec. 180." In 20 C. J. S., Counties, § 180, p. 1013, it is more comprehensively stated that county boards may not hire a person to perform (1) unauthorized acts, (2) official discretionary duties of the board, or (3) statutory official duties of the board or another county or state official. At pages 1014 and 1015, it is stated: "With these limitations county boards have implied power to employ such agents and servants

as may be required for county purposes and which are not otherwise provided for by statute or by the state constitution; and the wisdom and expediency of making a particular contract of employment is within the exclusive discretion of the board. Where only part of the services contracted for in a particular case are within the power of the board to engage, the contract is nevertheless valid as to that part." See, also, Campbell v. Douglas County, 142 Neb. 773, 7 N. W. 2d 764.

The evidence and the law relied upon do not support the contention that enumerated duties of the administrative assistant properly belonged to other officials, and there was neither proof nor intimation that other county officers had been shirking their statutory assignments.

Concerning the numerous references to lobbying, it is stated in 51 Am. Jur. 2d, Lobbying, § 1, p. 991: " 'Lobbying' has a well-defined meaning in this country: addressing or soliciting members of the legislative body, in the lobby or elsewhere, for the purpose of influencing their vote. Thus, in its broadest meaning, lobbying constitutes an indispensable element of the legislative process, that of communicating the people's needs and wishes to the legislature." At page 997 it is mentioned that court decisions disagree concerning the authority of municipal corporations to employ lobbyists. However, in Nebraska prior to 1965, section 50-306, R. R. S. 1943, excluded duly appointed or elected officials of counties and cities from registering as lobbyists "* * * when appearing on behalf of themselves or on matters pertaining to their respective political subdivisions, * * *." The Legislature obviously viewed it as a legitimate activity of a county; and when portions of the act were repealed, it is significant that the Legislature neither banned lobbying by county employees nor did it assign those activities to any particular county officials.

The trial court's finding as to the second alleged error must be affirmed.

Concerning the third assignment of error, it was not questioned that no funds had been earmarked in the 1968-1969 budget for an administrative assistant, and that there was a reserve of county funds available as well as cash on hand as of January 1, 1969.

The sections of the budget act relied upon are in substance: Section 23-909, R. R. S. 1943, requires the county board to adopt a budget and to appropriate certain amounts for the various offices. Section 23-912, R. R. S. 1943, provides that the funds allocated to the departments or offices be used only for the purposes of those departments. Section 23-916, R. R. S. 1943, states that no officer or other agency shall contract to spend money not included in or in excess of the budget provided for that office. Section 23-917, R. R. S. 1943, exempts a county from liability on violations of section 23-916, R. R. S. 1943.

The county board adopted a budget as directed, and the other sections cited by intervener obviously have no reference to contracts executed by a county board; hence, intervener's conclusion is without basis. In Becker v. County of Platte, 155 Neb. 180, 50 N. W. 2d 814, this court commented: "That valid claims may be presented, the allowance of which will result in deficits, is contemplated by the Act * * *." Reference is therein made to section 23-903, R. R. S. 1943. The court also found that the contracts in question were not in violation of the budget act "* * * because of the condition of the assessor's budget at the time they were entered into."

Intervener under this assignment of error cites sections 23-132 and 23-336, R. R. S. 1943.

The limitations under which a county board may contract and issue warrants after the adoption of the annual budget are specified in section 23-132, R. R. S. 1943; however, a review of the record fails to reveal a

violation of this statute. There was no proof that 85 percent of the budget had been exhausted and that there was no money in the treasury to the credit of the proper fund as of December 30, 1968. See, also, § 23-134, R. R. S. 1943. Furthermore, the procedure for a taxpayer to question the allowance of a claim under this section is set out in section 23-136, R. R. S. 1943. This procedure was not followed. See, Beadle v. Harmon, *supra;* Speer v. Kratzenstein, *supra.*

Intervener argues the contract in question is void because not expressly authorized by statute, citing section 23-336, R. R. S. 1943. This contention overlaps the first assignment of error, and it has been determined that the Sarpy County board of commissioners did not exceed its expressly conferred power to manage the county business and funds and to contract when necessary. Even if some irregularity had been proved, it was held in Capital Bridge Co. v. County of Saunders, 164 Neb. 304, 83 N. W. 2d 18, that section 23-336, R. R. S. 1943, "* * * has no application where the county has general authority to make the contract but the power has been irregularly exercised."

Finally, intervener contends that the funds used to pay the administrative assistant were spent in contravention of section 77-2032, R. R. S. 1943, in that the money was not transferred by resolution of the county board to the general fund prior to expenditure.

It is admitted that the salary and expenses were paid directly from the inheritance tax fund, the first payment having been made about 6 weeks after the contract of employment.

No authority is cited for the conclusions prayed for by intervener.

In 17 Am. Jur. 2d, Contracts, § 166, p. 523, it is stated: "A contract, although in violation of a statute, will not be declared void if it was not the intent of the legislature to make it illegal and void, * * *." In 17 C. J. S., Contracts, § 190, pp. 982 and 983, it is stated: "To in-

validate the contract, the illegality must be inherent and not merely collateral. * * * One may not rely on illegality where the doing of that said to be forbidden may reasonably be made legal and possible through administrative or judicial action."

Under the inheritance tax statute there is no express prohibition against spending county funds not properly credited; there is no penalty for failure to credit money as set out; there is no clause nullifying a contract pursuant to which payments have been made from an inappropriate budget; and there are other specific statutory protections for people contracting with a county board. It cannot be assumed that the Legislature intended a contract executed under the circumstances presented in this case to be void.

It was established in this lawsuit that the county board of Sarpy County had authority to execute the contract, the employee performed pursuant thereto, and there was money available in a proper fund to pay for the services. The county board could not have avoided liability and a taxpayer cannot demand that the board members be personally liable. See, Warren v. County of Stanton, 147 Neb. 32, 22 N. W. 2d 287; Capital Bridge Co. v. County of Saunders, *supra*.

It is determined that the trial judge carefully considered and properly decided all the issues; therefore, his findings and judgment are affirmed.

AFFIRMED.