REQUESTED BY: Duane L. Hubbard, Thayer County Attorney.
Does the County Sheriff have the authority to enter an employment contract for the hiring of a law enforcement officer which requires that said employee will remain on the job for at least one year after the training required by law; or that the will reimburse the county for the salary he received during the period of training if he shall not remain for the one year after receiving such training?
Yes.
Section 33-118, R.R.S. 1943, provides:
 "The county board shall furnish the sheriff with such deputies as it shall deem necessary and fix the compensation of such deputies, who shall be paid by warrant drawn on the general fund."
In State v. Harris, 100 Neb. 745, 161 N.W. 253, the Supreme Court held that while the county board has the authority to determine the number of deputies and to fix their compensation, that the sheriff retains the power to appoint the individual deputies. For the purposes of this opinion, we assume that there is no conflict between the county board and the sheriff in placing the restriction above referred to in the employment contract.
It has long been established that county boards have the authority to make all contracts necessary and incident to the management of the interests of the county and they may stipulate as to the manner in which such contracts are to be performed unless such contracts are prohibited or conflict with the duties of the office. See generally Thilesv. County Board of Sarpy County, 189 Neb. 1,200 N.W.2d 13; Speer v. Kratzenstein, 143 Neb. 300, 12 N.W.2d 360.
Since section 81-1414, R.R.S. 1943, requires that law enforcement officers must receive certain training therein described within one year before being retained for further service, it is conceivable that a county could get itself in the position of providing free training for persons who wish to become law enforcement officers if they were not required by contract to provide service to the county after receiving such training; therefore, such a provision as you have suggested would, in our opinion, be in the interests of the county and within the authority of the county board to enter.