REQUESTED BY: Robert G. Simmons, Jr., Banner County Attorney, 1620 Avenue A, Scottsbluff, Nebraska, 69361.
1. Is the county surveyor employed under the provisions of Neb.Rev.Stat. § 23-1901.01 (Supp. 1980), an employee of the county, covered by workmen's compensation, and other benefits provided to all other county employees?
2. Can the county surveyor, under these circumstances, be an independent contractor?
3. Can the county pay the county surveyor so engaged on a piecework basis, or must it be on a salary basis?
4. Assuming that the surveyor needs assistants, can these assistants be his employees and not employees, etc., of the county?
1. Yes.
2. No.
3. Payment must be a salary based on time, plus statutory fees.
4. Necessary assistants would be considered employees of the county.
1. Neb.Rev.Stat. § 23-1901.01 (Supp. 1980) reads as follows:
 When there is no qualified surveyor within a county who will accept the office of county surveyor, the county board of such county may employ a competent surveyor either on a full-time or part time basis from any other county of the State of Nebraska to such office.
 A surveyor employed under this section shall serve the same term as that of an elected surveyor and is not required to reside in the county of employment.
Neb.Rev.Stat. § 48-115 (Reissue 1978) terms employee and workman as interchangeable and defines them to include, with certain specified exceptions not applicable here, `(1) Every person in the service of the state or of any governmental agency created by it. . .'
Section 23-1901.01, supra, uses the terms `employ' and `employed' and in its second paragraph places the employed surveyor in the shoes of an elected county surveyor.
The net effect seems clear that the employed county surveyor is both an employee and officer of the county. As such, he would be entitled to workmen's compensation benefits under the provisions of Neb.Rev.Stat. § 48-106 (Reissue 1978), which states in pertinent part: `(1) The provisions of this act shall apply to the State of Nebraska and every governmental agency created by it. . . .' This conclusion is supported in the case of Steward v. Deuel County, 137 Neb. 516,289 N.W. 877 (1940).
2. This question is believed to have been answered in the conclusion to question 1. This is not to imply that a county does not have implied power in given situations to contract with independent contractors under Neb.Rev.Stat. §§23-104 and 23-106, (Supp. 1980), when not prohibited by other statutes. (See Thiles v. County Board of SarpyCounty, 189 Neb. 1, 200 N.W.2d 13 (1972) for general discussion of the matter.) Section 23.1901.01 may not be considered as strictly prohibitive, but it is certainly directive to the point of being considered controlling under the situation you describe.
3. The authorizing statute, Section 23-1901.01, supra, states that the surveyor may be employed `either on a full-time or part-time basis'. The plain meaning of the statute is considered to be that a salary be paid on any time basis agreed upon. In addition, it is considered that the county surveyor would also be entitled to receive fees as set forth under Neb.Rev.Stat. § 33-116 (Supp. 1981), there being no distinction made therein between elected and employed county surveyors. As stated in Opinion of the Attorney General No. 92, dated April 17, 1979, the salary could be the amount of the fees, assuming agreement of the parties, but not less than the fees.
4. Neb.Rev.Stat. § 33-116 (Supp. 1981) authorizes the employment of surveyor assistants, at least by implication. It states, in pertinent part, `All expense of necessary assistants . . . shall be paid for by the county.' It is not helpful in determining who employs them, their employment status, their rates of pay and method of payment, or the necessity for their employment. Presumably, the county surveyor would be the activating authority, subject to ratification by the county Board. It might be conjectured, from the general nature of the statute as covering fees and expenses of the county surveyor, that some sort of claim for reimbursement procedure might have been envisaged, but the statute does not so state. Therefore, we can only try to be logical, and, as the Nebraska Supreme Court said in the case of Showers v. Lund, 123 Neb. 56, 242 N.W. 258 (1932), when attempting to sort out the differences between employees and independent contractors, to be consistent in our own decisions. Our conclusion is that the county surveyor would employ such assistants on behalf of the county and as they would be paid by the county they should be classified as employees of the county.
Very truly yours,
PAUL L. DOUGLAS Attorney General
Randall E. Sims Assistant Attorney General
Approved:
Paul L. Douglas
Attorney General