REQUESTED BY: Robert H. Conner, Saline County Attorney, Crete, Nebraska.
Can the county sheriff of a county with a population of less than 150,000 enter into a three year lease agreement for a motor vehicle and bind the county to pay for the lease of such vehicle?
No, only the county board has the authority to enter into a lease agreement of this nature.
The rule is well-established in Nebraska that `a county has only such powers as are expressly conferred upon it by statute and such powers as are incidentally indispensable to carry into effect those powers expressly granted.' State exrel. Johnson v. Gage County, 154 Neb. 822, 49 N.W.2d 672
(1951). The power of a county to enter into contractual agreements is limited to those persons who are expressly provided such authority by statute. Speer v. Kratzenstein,143 Neb. 300, 12 N.W.2d 360 (1943). The authority to make all contracts necessary and incident to the management of the county's interests is usually vested in the county board. Thiles v. County Board of Sarpy County, 189 Neb. 1,200 N.W.2d 13 (1972).
The statutory duty and authority granted the county sheriff is contained in Neb.Rev.Stat. §§ 23-1701 to 23-1720
(Reissue 1983). Section 23-1715 provides that the county board shall purchase short wave radio equipment for installation on a motor vehicle owned by the sheriff, and allows the county board to purchase other specialized equipment for motor vehicles owned by the sheriff or deputies. This section also provides that the county board may reimburse sheriffs or deputies for any damage caused to their private vehicles which occurs during the exercise of their duties. There is no statutory authority granting to the sheriff the power to contract to purchase or lease a motor vehicle. We refer you to a previous opinion from this office, a copy of which is enclosed for your convenience, in which we concluded there was no statutory authority providing for a county sheriff to require a county to provide a motor vehicle for his use (Report of Attorney General, 1977-78, Opinion No. 159, p. 242).
The statutory authority to enter into a lease agreement of this nature is vested in the county board pursuant to Neb.Rev.Stat. § 23-324.08 (Reissue 1983), which provides, in pertinent part:
 The county board, in addition to other power granted it by law, may enter into contracts for lease of real or personal property for authorized purposes. Such leases shall not be restricted to a single year, and may provide for the purchase of the property in installment payments.
(Emphasis added.)
Neb.Rev.Stat. § 23-916 (Reissue 1983), provides:
 After the adoption of the county budget, no officer, department or other expending agency shall expend or contract to be expended any money, or incur any liability, or enter into any contract which, by its terms, involves the expenditure of money not provided for in the budget, or which involves the expenditure of any money for any of the purposes for which provision is made in the budget in excess of the amounts provided in said budget for such office, department or other expending agency, or purpose, for such fiscal year. Any contract, verbal or written, made in violation of this section shall be null and void as to the county, and no money belonging thereto shall be paid thereon.
Based on our analysis of the above statutory provisions, we are of the opinion that a county sheriff has no authority to enter into a three year lease agreement for a motor vehicle and bind the county to pay for the lease of such vehicle. We conclude the authority to enter into a lease agreement of this nature is vested in the county board.
Very truly yours,
PAUL L. DOUGLAS Attorney General
L. Jay Bartel Assistant Attorney General
APPROVED:
Paul L. Douglas Attorney General