ELIZABETH J. NELSON ET AL., APPELLEES, V. JAMES NEVELS ET AL., APPELLANTS.

FILED JULY 12, 1907. No. 14,920.

Intoxicating Liquors: Loss of Support. In a suit by a married woman in behalf of herself and minor children, under the statute relative to the sale of intoxicating liquors, for damages due to the incapacitation of the husband and father, the gist of the action is the loss of the means of support, and not any personal injuries he may have suffered as a result of intoxication.

APPEAL from the district court for Platte county: JAMES G. REEDER, JUDGE. *Affirmed.*

*McAllister & Cornelius,* for appellants.

*J. J. Sullivan* and *W. N. Hensley, contra.*

AMES, C.

This is an appeal from a judgment recovered by a mother in behalf of herself and her minor children for damages, for loss of maintenance, against two saloon-keepers having separate licenses and engaged in several businesses in the same town. The petition alleges in substance that the wrongs complained of, and consequent loss of support, began on the 1st day of March, 1905, and were continuous from that date until the time of the commencement of the action, and that particularly on the 1st day of July, 1905, the husband and father became intoxicated by reason of liquors sold or given to him by the defendants, so that he became mentally and physically incapacitated to such a degree that he fell into an excavation in the city and suffered such injuries therefrom that he became thenceforward wholly unable to perform any labor or fur-

nish any means for the support of his family; whereas prior to the wrongful acts complained of he had been capable of earning and had customarily earned the sum of $4 a day, which was devoted to such support. The answer is a general denial of the sale or furnishing by the defendants any liquors at any time. There is sufficient evidence that the defendants had sold and furnished the husband liquors subsequently to the 1st day of March and prior to the day of his injury on July 1, but there is not sufficient evidence that either of them sold or furnished him any such liquors on the latter named day.

The court instructed the jury that the gist of the action is not the personal injuries to the husband, but the loss of means of support, and that they were at liberty to compensate the plaintiffs for any such loss due to the defendants' traffic in intoxicating liquors bewteen the 15th day of March, 1905, and the date of the beginning of this action. This instruction was excepted to and is assigned for error, but we think it states the law correctly. The fall and consequent injury are not substantive facts, nor is the husband's subsequent incapacitation such, if the latter is not traceable through the fall or otherwise to the traffic in liquors, but if it had been so traceable we think the fall, as an incident in the chain of causation, would have been provable without specific pleading. Failure of evidence in this particular diminished the amount, but did not affect the right, of recovery.

A verdict of $270 indicates that the jury did not mistake the issues or evidence or misunderstand the instructions of the court, and we are of opinion that the judgment ought to be affirmed.

JACKSON and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.