C. L. HUSTEAD, APPELLANT, v. RICHARDSON COUNTY ET AL., APPELLEES.

FILED DECEMBER 15, 1919.  No. 20586.

1. Counties: VOID CONTRACT: LIABILITY. When valuable services are rendered a county under a void contract, the county will be liable for the value of the benefits so received if the county board could have made a valid contract for such services. (ROSE, J., dissenting.)

2. Paupers: COUNTY BOARD: UNAUTHORIZED CONTRACT. A contract by a county board to pay a specified sum to one who will undertake to satisfy all contingent claims under the poor laws that might

arise against the county is in the nature of insurance against such claims, and is not authorized by the statute.

APPEAL from the district court for Richardson county: JOHN B. RAPER, JUDGE. *Affirmed.*

*J. E. Leyda,* for appellant.

*Kelligar, Ferneau* and *Gagnon, contra.*

SEDGWICK, J.

The plaintiff presented a claim to the county board of Richardson county under a contract with the county whereby he agreed to furnish medical services for the poor of the county as county physician, and also to provide "medicines, nurses, surgical operations, and assistants," and other things specified in the contract. The county board allowed the claim, and certain taxpayers of the county appealed from the allowance of the claim to the district court. The plaintiff filed a petition in the district court, to which the court sustained a general demurrer, and dismissed the case, and, the plaintiff has appealed.

The petition alleged that the plaintiff is a physician and surgeon, and that "the county board had been employing medical or surgical care, medicines, nursing, and hospital service for each individual case as the needs arose, and on April 16, 1915, the county board of Richardson county, having found from the experience of the last two or three preceding years that it was costing the county some $2,000 or $3,000 a year to provide needed medical service, surgical attention, nursing, hospital accommodations, medicines, and supplies for the indigent poor of the county, and for those inhabitants of the county who were unable to provide such needs for themselves, in cases of emergency," instructed the county clerk to "advertise for bids for a physician to do the medical and surgical work, provide all medicines, nurses, surgical operations, and assistants for same, and medical supplies to care for the indigent poor of the county,

and all those inhabitants of the county who were unable to provide such needs for themselves in cases of emergencies;'' that the plaintiff's bid was accepted by the board and the contract entered into with provisions as specified in the advertisement; 'that he had performed all the duties under the contract for two months, and asked to recover for those two months at the rate of $900 a year as specified in the contract.

It has frequently been decided in this state that, even if the county board has exceeded its powers in entering into a contract under which the services were rendered, still the county would be liable for valuable benefits received by it under the contract for which the county would be liable under a valid contract. *Clark v. Dayton,* 6 Neb. 192; *Cass County v. Sarpy County* (on rehearing), 66 Neb. 476; *Gibson v. Sherman County,* 97 Neb. 79.

The petition demurred to, however, in this case does not allege any special service rendered by the plaintiff beyond his acting as county physician, for which the law limits the salary to $200 a year, nor any special benefit received by the county which the county commissioners might have authorized and for which the county would be liable. The county commissioners are not authorized to procure insurance for the county against the contingency that such claims as those specified in this contract might arise against the county. An agreement to pay a specified sum for undertaking to satisfy all such claims would be in the nature of insurance, and would seem to be beyond the power of the county. It seems to follow that the petition failed to state a valid claim against the county. The $200 salary which the statute allows is for the year which was not yet completed when this claim was filed.

The demurrer was properly sustained, and the judgment of the district court is

AFFIRMED.