LOUIS SCHESCHY, APPELLEE, V. WILLIAM BINKLEY ET AL., APPELLANTS.

FILED NOVEMBER 17, 1932. No. 28250.

*W. C. Dorsey, Leslie F. Johnson* and *Walter R. Johnson,* for appellants.

*Daniel J. Gross* and *Grenville P. North, contra.*

Heard before ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

DAY, J.

This was a suit in equity brought by a resident and taxpayer of school district No. 61 of Douglas county on behalf of himself and all other taxpayers similarly situated for an accounting and to recover from the appellants for the benefit of the district funds which they were alleged to have unlawfully received. The petition alleges that each of the appellants herein were at various times treasurer of the district and that they had never accounted at the end of their respective terms for the funds that came into their hands as treasurers according to the law. It is further alleged in the petition that the plaintiff has demanded that school district No. 61 by and through its proper officers bring this suit for an accounting against the said treasurers, the appellants herein, and that said officers of said school district have failed and refused to bring this suit.

The defendants deny the charges generally and particularly denied that the appellant Claussen was ever treasur-

er, and alleged that the accounts as treasurer of the other two appellants are correct and comply with the requirements of the law. The appellants Binkley, Claussen, and Wurth appeal from a judgment rendered against them by the trial court. Other officers of the district were parties defendant, but judgment was not entered against them and no issue is presented to this court relative to them.

Much testimony was introduced at the trial of the case relative to the history of the transactions of the school district for a period covering ten or more years. Most of it concerns itself with the building of temporary buildings prior to the erection of the present brick schoolhouse. This appears to have been a district in which the school population was rapidly increasing and required additional room from year to year. The evidence emphasizes the fact that in 1922 the appellants Claussen and Binkley, who at that time were members of the school board, worked on the construction of a new temporary building and were paid by the district for such labor. Later, in 1924, the evidence relates to money paid to Binkley and Claussen for moving an old building and fixing it up for temporary school purposes.

The items for which the plaintiff seeks recovery and for which the trial court allowed recovery were for payments made to these officers of the district for items of merchandise. One of the most frequent items was for gasoline. There is no evidence in this record that the gasoline was not furnished; that the district did not get the benefits of its use; nor that the price for which it was furnished was unreasonable. There was evidence that certain sums were paid to the appellants Binkley and Claussen first in 1922 and later in 1924 for work and labor upon temporary building construction. There is much evidence as to what took place, accompanied by insinuation and inuendo. The evidence is undisputed that the plaintiff in this case knew about this work and once worked with them in 1924 in moving an old building to the school site for a temporary schoolroom. The district has had the benefit of this labor

as well as the items of merchandise heretofore mentioned. The district cannot retain the benefits and not pay for the improvements. *Grand Island Gas Co. v. West,* 28 Neb. 852; *Omaha Road Equipment Co. v. Thurston County,* 122 Neb. 35.

The plaintiff relies upon section 79-513, Comp. St. 1929: "No school officer shall be a party to any school contract for building or furnishing supplies, except in his official capacity as a member of the board." It is upon this premise that the plaintiff suggests that a recovery is justified. We have construed similar statutes and have uniformly held that such a contract is not enforceable; that nevertheless the governmental unit used it and is liable for the reasonable value of the merchandise which it retains and uses. *Omaha Road Equipment Co. v. Thurston County,* 122 Neb. 35. Recovery is not upon the theory that the contract was a valid one, but upon the theory that it would be inequitable and unconscionable to permit the retention of the benefits and permit a division of the government to avoid payment therefor. The statute relating to counties construed in the above case is much stronger than the present statute. Likewise, in *Grand Island Gas Co. v. West,* 28 Neb. 852, we said: "All officers of a city are prohibited from being directly or indirectly interested in any contract or agreement to which the city, or any one for its benefit, is a party, and such contract may be avoided by the city." But that, "inasmuch as the city has accepted the benefits of the contract, it must do equity * * * must pay * * * the reasonable value of the light received by it, prior to the commencement of the action."

This rule finds support in many earlier cases in this and other courts. In *Clark v. Dayton,* 6 Neb. 192, it was held: "Although this contract was illegal by reason of the failure of the commissioners to advertise for proposals under a plan and specifications, still the contractor having completed the bridge, and the same having been accepted by the commissioners, he is entitled to compensation. Under

such circumstances payment will not be enjoined at the suit of a taxpayer."

"When valuable services are rendered a county under a void contract, the county will be liable for the value of the benefits so received if the county board could have made a valid contract for such services." *Hustead v. Richardson County,* 104 Neb. 27.

"One who furnishes labor and materials for the creation of a public work, in good faith, but in the absence of a contract such as is required by the statute, is entitled to recover their reasonable value, in the absence of a statute * * * denying such right." *Cass County v. Sarpy County,* 66 Neb. 476, rehearing denied, 72 Neb. 93. See *Bankers Trust Co. v. Rood,* 211 Ia. 289, 73 A. L. R. 1421.

Let it be remembered that there was no contract, but that the district through its officers attempted to and did build its own buildings. The thing furnished to the district by the appellants herein in this connection was labor and, in the absence of evidence proving that there was fraud in the matter or that the charges were unreasonable, which there is not in this case, there can be no recovery in this suit.

These transactions relate to the building of the schoolhouse occurring in 1922 and 1924, ten and eight years ago. The plaintiff in this action and those most interested with him in its prosecution, including every witness for the plaintiff, knew all about the transaction at the time and for all these years since. In fact, some of them also worked upon the project with the appellants. "A taxpayer * * * must act with reasonable promptness. If he is guilty of gross laches, and knowingly permits the contractor to incur liabilities in good faith in the construction of the greater portion of the work, an injunction will be denied." *Brown v. Merrick County,* 18 Neb. 355. Whether laches constitutes defense in a suit in equity depends upon particular facts. *Tombrink v. Sarpy County,* 120 Neb. 160. "Laches does not * * * grow out of the mere passage of time; but is founded upon the inequity of permitting

the claim to be enforced." *Geiss v. Trinity Lutheran Church Congregation,* 119 Neb. 745. The defense of laches and estoppel is not pleaded in this case. There is a conflict of authority upon this question with other authorities, about equally divided numerically. However, in this state, in order to be available in a defense, it must be pleaded. *German Nat. Bank v. First Nat. Bank,* 55 Neb. 86; *Keller v. Harrison,* 151 Ia. 320.

The plaintiffs have alleged in their petition that they made a demand upon the officers of the school district to present this suit. There is no evidence in the record that any demand was made upon the officers at the time of the bringing of the suit or at any other time. Usually a demand is essential to the right of a taxpayer to maintain an action for the recovery of funds for the district. *Reed v. Cunningham,* 126 Ia. 302.

It is now contended that a demand would have been useless, and that one is not required to do a useless thing. *Folts v. Globe Life Ins. Co.,* 119 Neb. 143, and other cases are relied upon; but an examination of the record reveals that there is no evidence to support a finding that a demand would have been useless.

Lest we forget, this was a suit for an accounting against the various treasurers and officers of the district. The records were brought into court by the plaintiff's witness who was treasurer of the district at the time the suit was instituted; his term having since expired, he had retained the books apparently for the purpose of this lawsuit. These books accounted for the receipt and disbursement of all money.

The money having been accounted for, there was nothing more to the suit unless it had been fraudulently disbursed. In order to recover, it would be necessary to prove either that the amount paid for merchandise and labor was not a fair and reasonable price, or that the school district did not get the benefit of the expenditure. This is not to say that the district should continue to buy supplies from members of the board. The law does pro-

hibit contracts between the district and its officers. It could and should be stopped in a proper suit.

The evidence in this case is not sufficient to support a finding either that the appellants have failed to account or that they have received and used money for which the district has not received benefit. In accordance with this finding, it follows therefore that the judgment of the district court should be reversed and the cause dismissed.

REVERSED AND DISMISSED.