ABRAHAM L. TIDD, APPELLANT, V. JOHN E. KIRKHAM, TREASURER OF CITY OF PLATTSMOUTH, ET AL., APPELLEES.

FILED MARCH 28, 1933. No. 28467.

*Abraham L. Tidd, pro se.*

*W. A. Robertson* and *J. A. Capwell, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

Goss, C. J.

This is a suit to enjoin the treasurer of the city of Plattsmouth, a city of the second class, from paying certain city warrants and to have them declared void. From a decree against him and dismissing his petition the plaintiff appealed.

Abraham L. Tidd, a resident taxpayer, brought the suit for himself and others similarly situated. He testified that he had been a resident of the city of Plattsmouth for more than 30 years, had taught school there, was city attorney for a number of years and on occasion had been employed as a special attorney by the city. He has been interested in public matters. Through his efforts the city obtained the post office and public library buildings. We take notice that he has been a member of the bar of this court for nearly 30 years.

Ten-thousand dollars' worth of the warrants were issued in payment to a contractor for building a viaduct across the railroad tracks; and $8,770.32 worth of the warrants were issued in payment to a contractor for grading and graveling a new highway. All this was claimed by plaintiff to have been done without compliance with the statutes as to annual estimate and appropriation. The purposes of the viaduct and highway were to furnish safe access downtown for residents of a portion of the city and also to provide a proper and convenient road to and from a new bridge across the Missouri river at Plattsmouth.

After hearing all the evidence, the district court found that the plaintiff "was fully informed of the letting of the contracts and bids for the construction of the viaduct and * * * other street improvements, for all of which the warrants involved in this action were issued, and of the performance of the work thereunder as it proceeded; that neither the plaintiff nor those whom he purports to represent objected to the letting of said contracts, the performance of the work thereunder and the issuing of the warrants in payment therefor, and that by reason there-

of the plaintiff is now estopped to deny the validity of said warrants or any of them. The court further finds that there is no suggestion of fraud on the part of the city of Plattsmouth, Nebraska, or any of its officials, in regard to the letting of said contracts, nor the work thereunder, nor the payment therefor by the issuance of said warrants; and finds that it is not competent for plaintiff as a taxpayer to enjoin the payment for any of said improvements, all of which said city retains and enjoys, for failure to include such items of expense in the annual estimate or annual appropriation for the fiscal years 1928, 1929, and 1930."

The court found that these specific warrants .constituted a just and lawful debt of the city to the several owners who were defendants in the suit.

The city had legal power to contract and pay for such improvements. The city, its citizens and its guests have continued to use the improvements since their completion by the contractors. The evidence shows that the improvements were worth all they cost. The contractors have been paid by the warrants which were delivered to them and which were in turn purchased as investments by the defendants—the school district, board of education and several private parties. The city has retained all the benefits and is satisfied. Plaintiff stood by without a complaint. In any other matter we believe it would be considered an affront to his own intelligence to say that he did not have full knowledge of the progress of the work.

"Where a city of more than 1,000 and less than 5,000 population, by its proper officers, entered into an agreement with a contractor to pave a street within the city, and the contractor proceeded with the work under his contract and under the direction of the city officers until the completion thereof, a taxpayer of the city, with full knowledge of the progress of the work, will not be heard to enjoin the payment therefor after the completion of the contract." *Hadlock v. Tucker,* 93 Neb. 510. See *Nelson v. City of Florence,* 94 Neb. 847.

Much the same principle was involved in the recent case of *Omaha Road Equipment Co. v. Thurston County,* 122 Neb. 35. The county had power to purchase road machinery but did so by an irregular exercise of that power which made the contract unenforceable. Instead of returning the machinery it retained and used it. In line with the authorities we decided that the county was liable for the reasonable value of the machinery.

We are of the opinion the judgment of the district court was right. It is

AFFIRMED.