WESTERN CHEMICAL COMPANY, APPELLANT, V. BOARD OF COUNTY COMMISSIONERS, LANCASTER COUNTY, APPELLEE.

FILED MARCH 6, 1936. No. 29558.

*T. Clement Gaughan*, for appellant.

*Max G. Towle* and *Farley Young*, contra.

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

CARTER, J.

This is an action brought by plaintiff against Lancaster county for the value of certain disinfectants and other chemicals sold and delivered to Lancaster county for use at the county poor farm. The district court found for defend-

ant and entered a judgment accordingly. From the overruling of its motion for a new trial, plaintiff appeals.

The record shows that on four different occasions in 1932 an agent of plaintiff secured orders for disinfectants and other chemicals, of the total value of $1,011.97, such orders being signed by T. J. Hensley, one of the county commissioners of Lancaster county. The record further shows that the merchandise was shipped to the Lancaster county poor farm by truck, a bill of lading for each shipment having been offered in evidence. The evidence further shows that one Garvey, a part owner of the Western Chemical Company, testified that he saw the drums and a part of the disinfectant at the county farm after that date. He further testified that county commissioner Hensley told him that the merchandise had been received and, with reference to the payment of the claims therefor, that he would "run them through" at some future meeting. Commissioner Hensley subsequently died. County commissioner Bennett and county clerk Morgan testified that they had no knowledge of the transaction. The only question to determine is whether the trial court properly dismissed the action.

The defendant county contends that the county commissioners are without authority to enter into contracts in relation to county business except at a regular session of the county board or one specially called according to law. That this is a correct statement of the law cannot be disputed. *Merrick County v. Batty,* 10 Neb. 176, 4 N. W. 959; *Morris v. Merrell,* 44 Neb. 423, 62 N. W. 865. The order given was not therefore a binding contract between the parties.

However, the evidence shows that the merchandise in question was received and used by Lancaster county. The attorney for the defendant admits this to be true in his brief, but contends that the order was not legally given and that the county was not therefore legally bound to pay. To this we cannot agree. There is no question that the board of county commissioners had the power to purchase the merchandise in question. The county subsequently received and used it. It has, by using the merchandise, placed itself

where a return of the goods cannot be had. The defendant county cannot retain the merchandise and use it for the benefit of the public and still defeat a claim for its reasonable value, notwithstanding the fact that the contract of purchase was unenforceable because the power was irregularly exercised. Such was the holding of this court in *Omaha Road Equipment Co. v. Thurston County,* 122 Neb. 35, 238 N. W. 919, wherein this court said: "In the present case the county is liable for the reasonable value of the road machinery which it purchased, retained, and used, where the county was clothed with power to purchase such machinery, notwithstanding the fact that the contract of purchase is unenforceable because the power was irregularly exercised. We think the county, in view of the facts, is estopped to deny liability in respect of the purchase of the machinery." See, also, *Scheschy v. Binkley,* 124 Neb. 87, 245 N. W. 267; *Tidd v. Kirkham,* 124 Neb. 605, 247 N. W. 594.

We therefore conclude that the trial court erred in dismissing plaintiff's claim. The judgment of the district court is reversed and the cause is remanded.

REVERSED.