FRED L. HEESE, APPELLEE, V. STERLING WENKE ET AL.,
APPELLANTS, IMPLEADED WITH THE VILLAGE OF
PENDER, THURSTON COUNTY, NEBRASKA, APPELLEE.
73 N. W. 2d 223

Filed November 25, 1955. No. 33827.

*Mark J. Ryan,* for appellants.

*H. D. Addison,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, and BOSLAUGH, JJ.

YEAGER, J.

This is an action by Fred L. Heese, a resident and taxpayer of the village of Pender, Thurston County, Nebraska, plaintiff and appellee, against Sterling Wenke, Wenke Farm Store, and the village of Pender, Thurston County, Nebraska, defendants, to recover judgment against the defendants Sterling Wenke and Wenke Farm Store in the amount of $8,638.39 with interest and costs, and for injunction against the defendant village of Pender enjoining it from paying any funds to Sterling Wenke or the Wenke Farm Store upon any contract or transaction with it in which Sterling Wenke or the Wenke

Farm Store was interested directly or indirectly.

The case was tried to the court on that portion of the pleaded cause of action wherein it was claimed that the defendants Sterling Wenke and Wenke Farm Store were obligated to pay the sum of $8,638.39 with interest, at the conclusion of which judgment was rendered against the defendants Sterling Wenke and Wenke Farm Store for $9,890.84. This judgment included accrued interest. That portion of the pleaded cause of action which presented the issue of injunction against the village of Pender was not submitted for determination on the trial.

The defendants Sterling Wenke and Wenke Farm Store filed motion for new trial which motion was in due course overruled. From the judgment and the order overruling the motion for new trial these defendants have appealed. They will be hereinafter referred to as the appellants.

The action was by plaintiff and against the defendants Sterling Wenke and Wenke Farm Store for the benefit of the defendant village of Pender. The basis of the action was that during the period involved Sterling Wenke was a member of the board of trustees of the village of Pender and was also the owner of the Wenke Farm Store, and that during this period he received from the village of Pender by warrants on account of and as pay for services, materials, and labor, $8,638.39 the payment of which was illegal and therefore recoverable back by the village of Pender. The defense was, to the extent necessary to state it here, that the payments were not illegal and there was no right of recovery by the village of Pender.

Prior to the commencement of the action the plaintiff in due form requested the village of Pender to institute action to recover the amount claimed but the request was refused. In the light of this refusal the action was instituted by plaintiff in behalf of the village. No question of the right of the plaintiff to maintain the action is presented on this appeal.

There is no material dispute as to facts. It appears clearly that during the period under inquiry Sterling Wenke was a member of the board of trustees of the village of Pender. It further appears that during this period there was paid to appellants out of the cash funds of the village of Pender $8,638.39 and that this amount was paid for material furnished and service performed for the village, except one warrant in the amount of $311.68 which was simply to correct an erroneous overcharge by the village to the appellants, the details of which are not made clear but concerning it there is no controversy. The trial court deducted this $311.68 from the total of the payments and rendered judgment accordingly. It appears that the proceedings whereby the payments by the village were allowed were with the knowledge of and participated in by the appellant Sterling Wenke.

The judgment in favor of the plaintiff for the benefit of the village and against the appellants was rendered on the theory that the payments made were violative of and void under section 17-611, R. R. S. 1943.

Numerous assignments of error are set out in the brief as grounds for reversal of the judgment but the only questions requiring consideration here are, first, the question of whether or not the transactions involved come within the prohibition of section 17-611, R. R. S. 1943; second, if it be found that they do come within the prohibition, then the question of whether or not appellants were and are entitled to receive for the material furnished and the service performed the reasonable value thereof; and third, the question of whether or not the action is barred by laches.

Section 17-611, R. R. S. 1943, is as follows: "No officer of any city or village shall be interested, directly or indirectly, in any contract to which the corporation, or any one for its benefit, is a party. Any such interest in any such contract shall avoid the obligation thereof on the part of such corporation. No officer shall receive

any pay or perquisites from the city other than his salary. Neither the city council nor board of trustees shall pay or appropriate any money or other valuable thing to any person not an officer for the performance of any act, service or duty, the doing or performance of which shall come within the proper scope of the duties of any officer of such corporation."

The first question must, in the light of a long line of authoritative decisions of this court, be decided adversely to the appellants. In Grand Island Gas Co. v West, 28 Neb. 852, 45 N. W. 242, a case wherein action was instituted to enjoin the enforcement of claims by the Grand Island Gas Company against the city of Grand Island under circumstances where an individual was an officer of the city and also an officer and stockholder of the Grand Island Gas Company, on the ground that the transactions which gave rise to the claims were prohibited by public policy and the statute involved here, this court said: "That an action cannot be maintained on such a contract is well sustained by the authorities." Further in the opinion it is said: "This section is broad and sweeping in its terms. It is obvious that a contract entered into with a city in which any of its officers have directly or *indirectly* a pecuniary interest, cannot be enforced against the corporation."

The opinion contains the citation of a number of decisions from other jurisdictions with quotations and a quotation from Dillon on Municipal Corporations supporting this conclusion. In it are found cogent and compelling reasons for the conclusion. The reasons set forth there will not be repeated here but they appear nonetheless cogent and compelling at this time.

In Village of Bellevue v. Sterba, 140 Neb. 744, 1 N. W. 2d 820, it was held that a contract falling within the category of the transactions involved here was void and unenforceable. The same was true in the following cases: Neisius v. Henry, 142 Neb. 29, 5 N. W. 2d 291; City of Lincoln v. First Nat. Bank, 146 Neb. 221, 19 N.

W. 2d 156; Warren v. County of Stanton, 147 Neb. 32, 22 N. W. 2d 287. See, also, Carlson v. City of Faith (S. D.), 67 N. W. 2d 149.

Having thus found that the transactions involved were void it becomes necessary to say whether or not the appellants were entitled to receive, or under the facts of this case, to retain the reasonable value of that which they had furnished to the village.

On the basis of the ultimate conclusion arrived at in Grand Island Gas Co. v. West, *supra,* if those conclusions are to be accepted as controlling, it appears that it would be necessary to say that they were so entitled to receive the reasonable value. However we think the effect of that ultimate conclusion is contrary in principle to the determination as to the validity of the contract. Certainly it is contrary to the later clear expressions of this court as to the rights or lack of rights under contracts or arrangements entered into and performed contrary to the prohibition of the statute. In the later cases the doctrine in this respect expressed in Grand Island Gas Co. v. West, *supra,* has been renounced although not directly overruled.

The case of Village of Bellevue v. Sterba, *supra,* was one wherein the village of Bellevue sought to recover back from Sterba money paid contrary to the prohibition of the statute. In that case it was urged that even if the contract was void still he was entitled to retain the reasonable value of his service. In response to the contention this court said: "This section has a salutary purpose—the insuring of honest and efficient village government. The prohibition against an officer of a village entering into contracts with the village is clear. It is urged, however, that Sterba was entitled under the law to recover for the reasonable value of the services he rendered the city. With this we cannot agree. Such a rule would defeat the very purpose of the statute."

The case of Neisius v. Henry, *supra,* was one which when it was tried was in most if not all legal aspects

like this one. It was one for the recovery of money and for an injunction against the payment of money other than salary. The question of quantum meruit was presented. This court denied the right of recovery on the basis of quantum meruit. In response to that question this court said: "There is much distinction between a contract with a city which is the result of an illegal exercise of an authorized power and one which is illegal because of a statutory disqualification to make a contract, or to create liability. The former may be ratified or a suit quantum meruit maintained. But where one is prohibited by statute from entering into a contract, and the obligation of the contract avoided for so doing, an action quantum meruit cannot be maintained."

The case of City of Lincoln v. First Nat. Bank, *supra,* was a declaratory judgment action wherein a charter provision of the city of Lincoln and a prohibitory statutory provision affecting the city of Lincoln similar to the statutory provision in question here was being considered. In that case the same conclusion was reached as in the case of Neisius v. Henry, *supra.*

In Warren v. County of Stanton, *supra,* although this statute was not involved the principles announced in Neisius v. Henry, *supra,* and Village of Bellevue v. Sterba, *supra,* with regard to prohibitory contracts with political subdivisions were reannounced.

There is a clear distinction which has been drawn between the attitude to be taken toward situations where there is a prohibition of power to contract coupled with a declaration of avoidance of obligation in the case of attempted exercise of power, as here, and situations where power exists to contract but the power has been irregularly exercised.

As pointed out, in the former there may be no recovery by the claimant and if payment has been made the village may recover all payments made. In the latter recovery may not be had by the claimant on the contract, but there may be recovery quantum meruit.

Cathers v. Moores, on rehearing, 78 Neb. 17, 113 N. W. 119, 14 L. R. A. N. S. 298; Omaha Road Equipment Co. v. Thurston County, 122 Neb. 35, 238 N. W. 919; Tidd v. Kirkham, 124 Neb. 605, 247 N. W. 594; Village of Bellevue of Sterba, *supra;* Neisius v. Henry, *supra;* Warren v. Stanton County, *supra.* To the extent that Grand Island Gas Co. v. West, *supra,* is in conflict herewith, it is overruled.

The remaining question to be considered is that of whether or not by reason of laches the plaintiff may be allowed to prevail in this case.

Factually the first incident of plaintiff's cause of action was a payment for supplies made by warrant dated June 14, 1950. The last was on April 28, 1953. There were numerous incidents between the two dates. The suit was commenced by filing a petition in the district court for Thurston County, Nebraska, on September 10, 1953. Summons was served on appellants likewise on September 10, 1953. It is clear therefore that no part of the amount, for recovery of which suit was instituted, was barred by any statute of limitations.

The appellants, however, contend that the plaintiff knew and was informed long before action was commenced, if not at all times during the period over which the transactions about which complaint is made, of the manner in which they were being carried out and that he should have acted earlier, and that because of his failure to act earlier he was guilty of laches in consequence of which he should not be allowed to maintain the action.

The defense of laches is an equitable defense and whether or not it may be regarded as available may depend upon a variety of considerations. These various considerations do not require enumeration and review herein. Only one of them need be noted. This one relates to change of conditions or relations of property or parties.

In Platte Valley Bank v. Lemke, 141 Neb. 218, 3 N.

W. 2d 396, it was said: "Laches does not grow out of the mere passage of time. It is founded upon the inequity of enforcing a claim where there has been a change in the condition or relations of the property or parties." See, also, Langdon v. Langdon, 104 Neb. 619, 178 N. W. 178; Geiss v. Trinity Lutheran Church Congregation, 119 Neb. 745, 230 N. W. 658; Schurman v. Pegau, 136 Neb. 628, 286 N. W. 921; Neisius v. Henry, *supra;* State v. Platte Valley Public Power & Irr. Dist., 143 Neb. 661, 10 N. W. 2d 631.

No fixed standard is available whereby in all cases it may be ascertained whether or not a party has been guilty of laches. However the case of Neisius v. Henry, *supra,* provides a precedent for a determination in this case that the plaintiff was not guilty of laches. In that case the void payments made by the city of Fremont started in 1927 and continued through the years until 1940. In the light of that situation this court held that the defense of laches was not available. With these facts before this court and in response to them, this court said: "Defendants have not been injured by the delay and the situation has not materially changed."

In the case here being considered the transactions involved covered a period of less than 3 years.

The conclusion reached therefore is that the judgment of the district court should be and it is affirmed.

AFFIRMED.