RUSSELL E. ARTHUR, FOR THE BENEFIT OF AND ON BEHALF OF THE CITY OF BEATRICE, IN GAGE COUNTY, NEBRASKA, A BODY POLITIC, AND THE TAXPAYERS AND RESIDENTS OF SAID CITY, APPELLEE, V. MARTIN O. TRINDEL, DOING BUSINESS AS M. O. TRINDEL TIRE & BATTERY COMPANY, APPELLANT, IMPLEADED WITH CITY OF BEATRICE, A MUNICIPAL CORPORATION, APPELLEE.

96 N. W. 2d 208

Filed April 17, 1959. No. 34543.

*McCown, Wullschleger & Baumfalk,* for appellant.

*Max Kier* and *Janice L. Gradwohl,* for appellee Arthur.

*Anne P. Carstens,* for appellee City of Beatrice.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J.

Plaintiff, Russell E. Arthur, brought this action as a resident and taxpayer for and on behalf of the city of Beatrice and its taxpayers against defendant, Martin O. Trindel, doing business as M. O. Trindel Tire & Battery Company. Plaintiff sought recovery of all money allegedly paid to defendant for all material and services furnished the city by defendant from April 8, 1952, to December 12, 1955, while he was a salaried member of the city's board of public works.

Plaintiff's petition, filed March 15, 1957, set forth the provisions of section 16-325, R. R. S. 1943, and Beatrice City Ordinance No. 574, both of which prohibited a direct or indirect interest of any member of the board of public works in the purchase of any material to be

used or applied for municipal purposes, and of section 16-502, R. R. S. 1943, which prohibits any officer of the city from being interested directly or indirectly in any contract to which the city or any one for its benefit is a party, and that any such interests shall make such contract void. Plaintiff's petition also set out the various sums of money paid defendant by the city on such contracts during the period from April 8, 1952, to December 12, 1955, and prayed for judgment therefor, together with interest thereon. Included in plaintiff's petition was an allegation that demand had been made on the mayor and city council to bring an action for recovery of such sums but they had refused to do so.

Defendant's answer admitted that plaintiff was a resident and taxpayer of Beatrice, a city of the first class; admitted the provisions of sections 16-325 and 16-502, R. R. S. 1943, and Beatrice City Ordinance No. 574; and admitted that at all times involved defendant was engaged in business in Beatrice as M. O. Trindel Tire & Battery Company, and was a member of the city's board of public works. Defendant also denied generally and alleged that the sums claimed by plaintiff were the fair and reasonable market value of the merchandise and services furnished by defendant; that the city was a necessary party in the action; and that the controversy could not be determined unless it was joined as plaintiff or defendant. Defendant alleged that at all times involved the city had a duly appointed city attorney, but no precedent demand was made upon said attorney, as required by section 16-319, R. S. Supp., 1955, to prosecute this action, and it was prematurely brought by plaintiff. Defendant also alleged in substance that all sums allegedly claimed by plaintiff were received by defendant more than 1 year prior to commencement of this action, which was an action upon a statute for a penalty, and that as sections 16-325 and 16-502, R. R. S. 1943, have been heretofore construed and applied by this court, said action was barred by the 1-year statute of

limitations. In the alternative, defendant alleged that the various sums paid defendant by the city, beginning April 8, 1952, to and including March 10, 1953, were received by defendant more than 4 years before commencement of this action, and, in any event, recovery thereof was barred by the 4-year statute of limitations.

As far as important here, defendant then alleged that sections 16-325 and 16-502, R. R. S. 1943, as construed and applied by this court, were unconstitutional as in violation of Article I, section 15, Constitution of Nebraska, which provides that all penalties shall be proportioned to the nature of the offense and as in violation of Article I, section 21, Constitution of Nebraska, which provides that the property of no person shall be taken for public use without just compensation therefor. As presented to the trial court in motion for new trial, defendant also alleged that said sections, as construed and applied by this court, were unconstitutional as in violation of Article I, section 3, Constitution of Nebraska, which provides that no person shall be deprived of property without due process of law.

Defendant's answer also alleged that plaintiff was a member of the city council since April 13, 1954; that all items claimed by plaintiff thereafter had been duly submitted and allowed by the city council, and that plaintiff, as a member thereof, had not objected but had approved the allowance and payment of all claims submitted by defendant since April 13, 1954; that plaintiff had taken no appeal therefrom; and that as a result of his conduct he was estopped from maintaining this equitable action, and same was barred by laches. Defendant's prayer was for dismissal of plaintiff's petition and judgment for defendant. Plaintiff's reply was a general denial.

Both plaintiff and defendant submitted requests for admissions to the opposing party. Subsequently, they were duly answered, affidavits were filed by the parties, and, as ordered by the court, the city of Beatrice, herein

called the city, was made a party defendant. Thereupon it filed an answer admitting, as did defendant's answer, certain allegations of plaintiff's petition, but denying that the city was liable for the actions of defendant, or that it was liable to plaintiff on the grounds alleged in plaintiff's petition. The city then prayed for dismissal of the action against the city, and that it should be held free from any liability or from payment of any costs. Thereafter the city filed a stipulation admitting all facts admitted by plaintiff and defendant, and denying all allegations which plaintiff had denied.

Thereupon plaintiff filed a motion for summary judgment in his favor, based upon the pleadings, interrogatories, admissions, stipulations, and affidavits of plaintiff and defendant, and defendant likewise filed a motion for summary judgment in favor of defendant. However, defendant's motion was also in the alternative, seeking a summary judgment in favor of defendant upon the sums received by him, beginning April 8, 1952, to and including March 10, 1953, which defendant alleged were barred by the 4-year statute of limitations.

After a hearing on said motions for summary judgment, whereat evidence was adduced, consisting of the respective requests for admissions, answers thereto, affidavits of the parties, and stipulations, which now appear in the bill of exceptions before this court, a summary judgment was rendered. It found that the 4-year statute of limitations applied, and that plaintiff was entitled to recover for all items of material, merchandise, or supplies sold and delivered to the city by defendant within a 4-year period preceding the filing of plaintiff's petition. Those items totaled the sum of $463.43, and a judgment was awarded plaintiff and against defendant for the benefit and on behalf of the city for $463.43, together with interest at 6 percent from December 12, 1955, until date of payment. All costs were taxed to defendant. It was also ordered that out of the pro-

ceeds of the judgment there should be paid plaintiff an allowance of $136 for attorney's fees and the balance of the judgment should be disbursed to the city, except costs, which should be distributed as taxed, with any costs paid by plaintiff to be refunded to him. There is no question here about such allowance of attorney's fees, because the city consented thereto and has filed a brief supporting plaintiff's right to affirmance, and assigning "We do not find any error in the ruling of the trial court."

Thereafter, defendant's motion for new trial was overruled, and he appealed, assigning in substance that the trial court erred as follows: (1) In allowing plaintiff to prosecute the action because he had not made precedent demand upon the city attorney to bring the same, and in allowing plaintiff to maintain this equitable action and recover for sums accrued after April 13, 1954, which he had approved as a member of the city council; (2) in failing to apply the 1-year statute of limitations and refusing to dismiss plaintiff's action; and (3) in not holding that sections 16-325 and 16-502, R. R. S. 1943, were unconstitutional as in violation of Article I, section 3, Article I, section 15, and Article I, section 21, Constitution of Nebraska. We do not sustain the assignments.

No contention is made that there was any controverted issue of fact for determination. The admitted material facts are as follows: During the period here involved, from April 8, 1952, to December 12, 1955, plaintiff was a resident and taxpayer of Beatrice, a city of the first class. During that same period defendant Trindel was a paid member of the city's board of public works, and engaged in business in said city under the name and style of M. O. Trindel Tire & Battery Company. At numerous times from April 8, 1952, to December 12, 1955, defendant sold to the city and its departments merchandise, supplies, and services, and received from the city the sum of $1,098.99 therefor. All

of that sum was received by defendant more than 1 year prior to the filing of this action on March 15, 1957. However, during the 4-year period prior to the filing of this action, defendant had so received the sum of $463.43. From April 13, 1954, plaintiff was a member of the Beatrice city council and as such, from that time until December 12, 1955, had approved the allowance and payment of all claims filed by defendant with the city for merchandise and services. However, on May 28, 1956, the city's finance committee reported in writing to the mayor and city council that defendant, while a salaried member of the board of public works, had sold merchandise and supplies to the city from April 8, 1952, to December 12, 1955, for which defendant had been paid the sum of $1,098.99 by the city, whereupon plaintiff requested that the city council take legal action to recover all the sums paid to defendant under such contracts with the city. Nevertheless, on motion made by a member of the council, which motion was duly seconded, such report of the finance committee was ordered accepted and placed on file by the council, but it also ordered that no action should be taken against defendant because: " 'It would appear that no intent to violate the law is shown by the contents of said report.' " In that connection, at all times during the period in controversy and thereafter, the city had a duly appointed and acting city attorney upon whom no demand was made by plaintiff to bring this action.

Defendant has assigned and argued that plaintiff could not maintain this action because no precedent demand was made upon the city attorney to do so. We do not agree. In that connection, section 16-319, R. S. Supp., 1955, provides in part: "The city attorney shall commence, prosecute, and defend all suits and actions necessary to be commenced, prosecuted, or defended on behalf of the city, *or that may be ordered by the council.*" (Italics supplied.)

In the instant case, precedent demand was made as

aforesaid upon the mayor and council to bring the action, but it had refused, as alleged in plaintiff's petition and admitted by defendant. Such procedure was used and approved in Neisius v. Henry, 142 Neb. 29, 5 N. W. 2d 291, and Heese v. Wenke, 161 Neb. 311, 73 N. W. 2d 223.

Under the provisions of section 16-319, R. S. Supp., 1955, it is apparent that the council could have ordered the city attorney to bring the action, but upon demand it refused to do so. To have made demand on the city attorney under the circumstances presented here would have been an idle ceremony and useless procedure. Authorities relied upon by defendant are clearly distinguishable upon the facts and applicable statutory provisions. Further, in this action the city was made a party defendant as requested by defendant Trindel, whereupon it entered an appearance and filed an answer adverse to plaintiff's petition. True, subsequently the city stipulated that it admitted all facts admitted by plaintiff and defendant, and denied all allegations which plaintiff denied. Nevertheless, such conduct gives credence to the fact that to have made precedent demand upon the city attorney would have accomplished nothing and was not required under the circumstances and applicable statute.

Defendant also assigned and argued that plaintiff was estopped from maintaining this action on behalf of the city for items allowed and paid defendant after April 13, 1954, and until December 12, 1955, because as a member of the council plaintiff had approved their allowance and payment to defendant, and that in any event plaintiff's action was barred by laches. We do not agree. In that connection, contracts such as here involved are wholly void for all purposes as to everybody whose rights would be affected by them if valid, and such contracts require "no disaffirmance to avoid" them; they "cannot be validated by ratification"; and they are not "susceptible of validation." See, 12 Am.

Jur., Contracts, § 10, p. 507; 63 C. J. S., Municipal Corporations, § 1009, p. 597; Heese v. Wenke, *supra;* Warren v. County of Stanton, 145 Neb. 220, 15 N. W. 2d 757.

It should also be stated that plaintiff herein is not suing for his own particular benefit but for the use and benefit of the city and its taxpayers. The opinions in Neisius v. Henry, *supra,* and Heese v. Wenke, *supra,* discussed and disposed of the issue of laches therein. By analogy, we conclude that defendant's contention here with regard to laches has no merit.

We turn then to defendant's contention that plaintiff's action was barred by section 25-208, R. R. S. 1943, which provides in part that: "The following actions can only be brought within the periods herein stated: Within one year, * * * an action upon a statute for a penalty or forfeiture, * * *." We conclude that defendant's contention has no merit. Rather, we hold that section 25-206, R. R. S. 1943, which provides: "An action upon a contract, not in writing, expressed or implied, or an action upon a liability created by statute, other than a forfeiture or penalty, can only be brought within four years," is controlling here.

As far as important here, section 16-325, R. R. S. 1943, simply permits cities of the first class to create a board of public works by ordinance, such as ordinance No. 574, enacted by the city of Beatrice. Such section prohibits members of such board from directly or indirectly being interested in the purchase of any material to be used or applied for municipal purposes. Also, as far as important here, section 16-502, R. R. S. 1943, simply prohibits any officer of the city from being interested directly or indirectly in any contract to which the city or anyone for its benefit is a party, and provides that such interests in any such contract shall void the obligation thereof on the part of the city. It also provides that no officer of the city shall receive any pay or perquisites from the city other than his salary, as provided

by ordinance and the law relating to cities of the first class. Such sections are merely declaratory of the common law, and of public policy, which declare that such contracts are void. See, 63 C. J. S., Municipal Corporations, § 988, p. 551, and authorities cited.

We find no provision in such statutes for the recovery of a penalty or forfeiture, and they are not required to do so in order to make such contracts void. As stated in 17 C. J. S., Contracts, § 203, p. 559, citing authorities: "If an act is prohibited by statute, an agreement in violation of the statute is void, although the act is not penalized, for it is the prohibition and not the penalty which makes the act illegal."

Also, as stated in 12 Am. Jur., Contracts, § 161, p. 656, citing authorities: "In order that there may be an implied prohibition, the imposition of a penalty is not essential. In other words, it is not necessary that a statute should impose a penalty for doing or omitting to do something in order to make void a contract which is opposed to its operation."

In such respect, defendant herein is in no different position than he would be in any other controversy involving a contract which is wholly void for all purposes and unenforceable. True, in cases such as that at bar, it may be said that defendant suffers a penalty by being required to return the money paid to him under the particular void contract, and that he thus forfeits his compensation for material and services, the extent of which is measured by the amount thereof in a remedial civil action as distinguished from "an action upon a statute for a penalty or forfeiture," as provided by section 25-208, R. R. S. 1943, which relates to actions that are penal in character. In that connection, we call attention to the fact that section 18-301, R. R. S. 1943, provides for the criminal prosecution and punishment by fine, of: "Any officer of any city in this state who shall be interested, directly or indirectly, in any contract to which the city is a party, or who shall enter

into any contract to furnish or shall furnish to any contractor or subcontractor with a city of which he is an officer, any material to be used in performing any contract with such city, * * *." However, such a criminal prosecution must of course be brought within the applicable statute of limitations, as provided by section 29-110, R. R. S. 1943.

The terms "penalty" and "forfeiture" are often declared to be synonymous, but they are not so in all cases. Generally speaking, the term "penalty" is pecuniary, and "forfeiture" is also a penalty by which one loses his rights and interest in property. Such terms may be used with relation either to punishment for violation of laws which are penal in character and enforceable by the state or its subdivisions, or with relation to violations of law or duty, civil and remedial in character, for the recovery of compensation or indemnity in a civil action by the party wronged by such a violation, as in the case at bar. In that connection, we said in School District of the City of Omaha v. Adams, 147 Neb. 1060, 26 N. W. 2d 24: " 'Penal laws, strictly and properly, are those imposing punishment for an offence committed against the State, and which, by the English and American constitutions, the executive of the State has the power to pardon. Statutes giving a private action against the wrongdoer are sometimes spoken of as penal in their nature, but in such cases it has been pointed out that neither the liability imposed nor the remedy given is strictly penal.' Huntington v. Attrill, 146 U. S. 657, 36 L. Ed. 1123, 13 S. Ct. 224. Many types of cases for the recovery of damages for neglect or breach of duty operate to a certain extent as punishment. The distinction between a remedial and penal statute necessarily lies in the fact that the latter is prosecuted for the sole purpose of punishment, and to deter others from offending in like manner. A remedial statute, of course, is for the purpose of adjusting the rights of the parties as between themselves in respect to the

wrong alleged." See, also, Globe Publishing Co. v. State Bank of Nebraska, 41 Neb. 175, 59 N. W. 683, 27 L. R. A. 854; Department of Banking v. McMullen, 134 Neb. 338, 278 N. W. 551; School District of McCook v. City of McCook, 163 Neb. 817, 81 N. W. 2d 224; 23 Am. Jur., Forfeitures and Penalties, Part I, p. 598, Part II, p. 621; 37 C. J. S., Forfeitures, § 1, p. 4; 70 C. J. S., Penalties, § 1, p. 387. In other words, we conclude that the rights of a municipality to retain or recover the proceeds of void contracts such as those at bar are simply those which would accrue to any party under a void contract placed in a comparable position.

This court has construed and applied language identical in effect with that contained in sections 16-325 and 16-502, R. R. S. 1943. In Neisius v. Henry, on rehearing, 143 Neb. 273, 9 N. W. 2d 163, we applied the 10-year statute of limitations because the suit was upon defendant's bond and against both defendant and his surety. Be that as it may, we also said in the opinion on rehearing that: "It is urged that Henry could have been sued on his statutory liability without joining the surety, and that the statute of limitations would then be four years as provided by section 20-206. We do not disagree with this statement."

Also, in Neisius v. Henry, 142 Neb. 29, 5 N. W. 2d 291, to which we adhered in the opinion on rehearing, we held: " 'Where a statute prohibits an officer of a village from having an interest in any contract with the village, and avoids the obligation of any such contract so made, it is void for all purposes, and any funds paid out because of such purported contract may be recovered back at the suit of the village or of a taxpayer suing in its behalf.' Village of Bellevue v. Sterba, 140 Neb. 744, 1 N. W. (2d) 820.

"When a statute prohibits an officer of a municipality from entering into a contract with the city, and avoids the obligation of the contract for so doing, a recovery quantum meruit cannot be had." The same rules would

apply under sections 16-325 and 16-502, R. R. S. 1943. See, also, City of Lincoln v. First Nat. Bank, 146 Neb. 221, 19 N. W. 2d 156; Heese v. Wenke, *supra.*

In such last-cited case, the first payment received by defendant officer was on June 14, 1950, and payments extended over a period until April 28, 1953. The action to recover the payments made to defendant was not filed until September 10, 1953, yet we said: "It is clear therefore that no part of the amount, for recovery of which suit was instituted, was barred by any statute of limitations."

Nevertheless, defendant argued that the present case was barred by the 1-year statute of limitations, and asserted that such issue was never heretofore raised in this court. We assume for purpose of argument only that such assertion is true, yet arrive at a conclusion contrary to defendant's contention. In 53 C. J. S., Limitations of Actions, § 89, p. 1059, citing authorities, it is said: "A statutory provision limiting the period for bringing an action to recover a penalty or forfeiture generally applies only to a penalty or forfeiture created by a penal statute for a dereliction of duty, or failure to perform specific acts, or for the commission of acts prohibited by statute." See, also, 23 Am. Jur., Forfeitures and Penalties, § 78, p. 661, citing authorities; Smith Engineering Works v. Custer, 194 Okl. 318, 151 P. 2d 404.

In that connection, McNish v. General Credit Corp., 164 Neb. 526, 83 N. W. 2d 1, was an action to have declared null and void an installment loan contract allegedly made in violation of the Installment Loan Act, and for a recovery by plaintiff of all payments received thereon from plaintiff. One contention made in that case was that in view of Article VII, section 5, Constitution of Nebraska, plaintiff had no standing in court because any penalty arising thereunder must be paid to the common schools in the place where it accrues. In that opinion, citing Graham v. Kibble, 9

Neb. 182, 2 N. W. 455; Clearwater Bank v. Kurkonski, 45 Neb. 1, 63 N. W. 133; Everson v. State, 66 Neb. 154, 92 N. W. 137; and School District of the City of Omaha v. Adams, *supra,* we said: "We do not think this constitutional provision has application here." In other words, by analogy from that case and others cited, we concluded that the provisions of the Installment Loan Act, which made contracts in violation thereof wholly void and unenforceable, were remedial and not penal in character, although the wrongdoer suffered a loss as a result of recovery from him by the individual wronged.

We conclude that, contrary to defendant's contention, plaintiff had a right, as a taxpayer, to prosecute and maintain this action for and on behalf of the city and its taxpayers; that the action was not one upon a statute for a penalty or forfeiture, which can only be brought within one year as provided by section 25-208, R. R. S. 1943, but rather was an action which can only be brought within four years as provided by section 25-206, R. R. S. 1943. We conclude that sections 16-325 and 16-502, R. R. S. 1943, are not unconstitutional as in violation of Article I, section 3, Constitution of Nebraska, because they do not deprive plaintiff of his property without due process of law.

In that connection, it is apparent that due process was accorded defendant in this very action wherein he had " 'reasonable notice, and reasonable opportunity to be heard and to present his claim or defence, due regard being had to the nature of the proceedings and the character of the rights which may be affected by it.' " Webber v. City of Scottsbluff, 155 Neb. 48, 50 N. W. 2d 533.

We also conclude that sections 16-325 and 16-502, R. R. S. 1943, are not penal in character and do not as such impose a penalty for violation thereof, but are entirely civil and remedial, permitting recovery by the city or a taxpayer in its behalf as compensation or in-

demnity from a party to a contract void for all purposes, and that such statutes are not unconstitutional as in violation of Article I, section 15, Constitution of Nebraska, because any penalty suffered by defendant was not penal in character, such as are covered by Article I, section 15, Constitution of Nebraska. We further conclude that said sections are not unconstitutional as in violation of Article I, section 21, Constitution of Nebraska, because defendant's property was not taken for public use without just compensation within the provisions of that section of the Constitution. This is not a case wherein the city has attempted to exercise its delegated sovereign power and take defendant's property for public use. This is a case wherein defendant himself simply consented and voluntarily entered into a contract which the statute has made wholly void and unenforceable, and in which defendant had no vested rights.

For reasons heretofore stated, we conclude that the judgment of the trial court should be and hereby is affirmed. All costs are taxed to defendant Martin O. Trindel.

AFFIRMED.