WAYNE DAVY ET AL., ON BEHALF OF THEMSELVES AND ALL
OTHER TAXPAYERS AND ELECTORS OF THE SCHOOL DISTRICT
OF COLUMBUS, PLATTE COUNTY, NEBRASKA, APPELLANTS,
v. SCHOOL DISTRICT OF COLUMBUS, IN THE COUNTY OF
PLATTE, IN THE STATE OF NEBRASKA, ET AL., APPELLEES.
222 N. W. 2d 562

Filed October 24, 1974. No. 39410.

Winkle & Allphin, for appellants.

Walter, Albert, Leininger & Grant and Walker, Luckey, Whitehead & Sipple, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

CLINTON, J.

This is an action by taxpayers of the School District of Columbus, Platte County, against the school district and the grantors in a deed of conveyance to the school district, brought under the provisions of the Declaratory Judgments Act, to have determined the legality of a contract for the sale of real estate by the individual defendants to the defendant school district. At the time the contract was authorized by the board of the defendant district, the defendants William E. Callihan, who was a member of the school board, and his wife were owners of an undivided one-half interest in the land. The other individual defendants were the owners

of the other undivided one-half interest. The petition alleges that the contract is null and void because contrary to public policy in that Callihan's interest as seller conflicts with his public obligation as a member of the school board. The prayer of the original petition was for a declaration that the "acquisition" of the real estate was *null and void* and to direct repayment of the purchase price with interest.

Later the plaintiffs requested leave of the court to file an amended petition requesting *affirmation* of the contract and restoration of the purchase price of $68,500. Leave was granted and thereafter the prayer was amended to read as follows: "WHEREFORE plaintiffs pray the Court declare that the aforesaid payment of $68,150.00 was unauthorized, improper, against public policy, and contrary to law, and order defendant, William E. Callihan and Maxine L. Callihan and Eugene L. Treadway, Sr. and Frieda Tredway, to refund the $68,150.00 so paid to them, plus interest, and that plaintiffs be allowed a reasonable attorneys fee and the costs of this action."

After the amendment the school district filed a demurrer to the petition. The demurrer was sustained. The plaintiffs did not replead. Thereafter the matter proceeded on the theory that the district was no longer a party to the action. The matter went to trial as between the plaintiff taxpayers and the individual defendants without participation by the district.

The trial court found that the transaction was not prohibited by law at the time it was made and the sale consummated; that neither Callihan nor any of the defendants had attempted to influence the board; that Callihan did not participate in the decision of the board to acquire the land; and that the price paid was reasonable.

The plaintiffs' petition was dismissed. The plaintiffs appeal. We affirm.

At the time of the transaction in question, section
79-442, R. R. S. 1943, provided in part as follows:
"Except as provided in section 70-624.04, no school of-
ficer shall be a party to any oral or written school con-
tract for building, furnishing supplies, or services in
amounts in excess of two thousand dollars in any one
school year, and no contract may be divided for the
purpose of evading the requirements of this section;
. . . ." The statute then exempted certain transactions
and provided penalties for violation. The statutes make
no mention of contracts for sale of real estate.

The theory of the defendants is that since the con-
tract of conveyance in question is not within the express
prohibitions of the above statute it is lawful. The
position of the plaintiffs is that the contract and convey-
ance are void under the common law doctrine prohibit-
ing such contracts by public officers on grounds of public
policy relating to conflicts of interest. They cite and
rely upon textual authority and the following decisions
of this court: Grand Island Gas Co. v. West, 28 Neb.
852, 45 N. W. 242; Heese v. Wenke, 161 Neb. 311, 73
N. W. 2d 223; and Arthur v. Trindel, 168 Neb. 429, 96
N. W. 2d 208. In the latter case this court was con-
sidering sections 16-502 and 16-325, R. R. S. 1943. We
there stated: "Such sections are merely declaratory
of the common law, and of public policy, which declare
that such contracts are void." The defendants counter
that section 79-442, R. R. S. 1943, is inconsistent with
the common law and the transaction is authorized be-
cause the statute does not prohibit it.

It is apparently the plaintiffs' position that the money
may be ordered repaid but the school district may keep
the real estate. The record would indicate, and ap-
parently the parties concede, that the real estate in
question has not been improved by erecting thereon a
school structure or any other improvement, and that
no such improvement is scheduled in the near future.

The plaintiffs' position seems bottomed upon our opinions which have denied a public officer quantum meruit recovery. In Heese v. Wenke, *supra,* a taxpayer sought recovery from a village officer of the amount paid for material furnished in violation of the statute, § 17-611, R. R. S. 1943. The officer defended on the ground, among others, that the contract price was the reasonable value of the property and that he was entitled to recover under a quantum meruit. The court found for the plaintiffs and held there could be no recovery upon quantum meruit. Thus the village received the benefit of the materials and also the return of the price paid. This opinion expressly overruled Grand Island Gas Co. v. West, *supra,* insofar as that case held that the city must do equity by paying the reasonable value of the materials furnished. Arthur v. Trindel, *supra,* was a taxpayer's action to recover from a salaried member of the city's board of public works compensation for services furnished in connection with his job as such member and also for materials furnished. The statute was a broad one, prohibiting the officers from having any interest, directly or indirectly, in any contract with the city. The officer, in a cross-petition, claimed the fair and reasonable value of the merchandise furnished and the services rendered. The court held the contract void, denied recovery on quantum meruit, and rejected the contention that the statute resulted in the unconstitutional imposition of a penalty.

The defendants cite Scheschy v. Binkley, 124 Neb. 87, 245 N. W. 267; and Neisius v. Henry, 142 Neb. 29, 5 N. W. 2d 291. In the latter case, recovery was sought from the surety of the officer's bond for compensation paid in excess of the lawful salary. Here the officer again sought recovery on quantum meruit. The court cited Scheschy v. Binkley, *supra,* saying: "In Scheschy v. Binkley, 124 Neb. 87, 245 N. W. 267, plaintiff brought an equitable action for an accounting and to recover

for funds paid to school board members who performed services for the district in erecting and repairing temporary school buildings. The district was required to pay for benefits received. We think this decision was correct, but that it has no application to the case at bar. The applicable statute provided that 'No school officer shall be a party to any school contract for building or furnishing supplies, except in his official capacity as a member of the board.' Comp. St. 1929, sec. 79-513. No attempt was made by the legislature to avoid the obligation of the contract as is done by section 17-517, Comp. St. 1929. A school officer may not be a party to a school contract except in his official capacity, but he is not foreclosed of any right he may have exclusive of the contract. Consequently, if the contract is unenforceable, no reason exists why a recovery quantum meruit could not be had. We do not think that this case is a controlling authority in the case at bar." We point out that Scheschy v. Binkley, *supra*, relied upon Grand Island Gas Co. v. West, *supra*, which, insofar as it authorized recovery on a quantum meruit, was overruled in Heese v. Wenke, *supra*.

We believe there is a critical distinction between the cases upon which the plaintiffs rely and the principles properly applicable under the facts we have here. If we assume that the contract in question is void under the common law (there is substantial authority for that proposition in addition to our own cases cited by the plaintiffs), although not prohibited by section 79-442, R. R. S. 1943, the plaintiffs are nonetheless not entitled to the relief for which they pray.

It is apparent that denial of recovery on quantum meruit for services performed or materials furnished and consumed or incorporated in improvements is not the equivalent of a holding that the governmental entity is in all cases entitled to keep the benefit of

the unauthorized contract and also recover the consideration paid.

It seems clear to us that where an officer seeks compensation over and above his salary for services rendered, there is nothing for the governmental entity to return. The officer in that case is conclusively presumed to have rendered the services for his authorized compensation. Neisius v. Henry, *supra*. There can, in that case, be no sound claim of unjust enrichment of the governmental unit. In the case of materials received and which have been consumed or incorporated in an improvement there can be no physical return of the property. To authorize recovery on a quantum meruit under such circumstances would either defeat the statute or abrogate the public policy. All the cases cited by the plaintiffs are of these types. In none of the cases cited was the property which had been sold or conveyed still intact, unimproved, and susceptible of being returned.

In the case of Arthur v. Trindel, *supra*, which we earlier cited, we said: ". . . we conclude that the rights of a municipality to retain or recover the proceeds of void contracts such as those at bar are simply those which would accrue to any party under a void contract placed in a comparable position." The general rule is that where a party seeks to rescind a void contract (or one merely voidable), he "must restore or offer to restore the consideration or whatever he must receive under the contract; but the rule is not absolute, is not to be strictly construed where restoration is impossible, and is to be applied in accordance with equitable principles." 17A C. J. S., Contracts, § 439, p. 545. A purchaser of land who is entitled to cancel must restore possession and title. 12 C. J. S., Cancellation of Instruments, § 44, p. 1011. See, also, Langdon v. Loup River P. P. Dist., 139 Neb. 296, 297 N. W. 557; Bowen v. Johnson, 129 Neb. 868, 263 N. W. 215. It seems to

us that the above principles, applicable to contracts and conveyances generally, are to be applied even to contracts claimed to be void because prohibited by public policy in cases where the property has not been consumed, incorporated, or improved and may be readily returned.

The case most nearly like the one at hand comes from another jurisdiction. In Town of Boca Raton v. Raulerson, 108 Fla. 376, 146 S. 576, the court by way of dictum stated what seems a sound principle. In that case the municipal subdivision sought recovery of the money paid for real estate purchased as a site for and upon which a town hall had been erected. In that case there was a statute which prohibited the transaction. The court held that the contract was void and that the purchase price could be recovered. It, however, noted the harshness of the rule and held that it was nonetheless necessary to prevent negation of the statute. It then said: "The adoption of the rule does not necessarily mean that such vendor may not recover the property conveyed under proper proceedings and proof where the property is intact in the vendee."

We need not decide the question of whether section 79-442, R. R. S. 1943, abrogates the common law public policy principle and in effect authorizes the contracts which it does not expressly prohibit. The parties to this action assume without citation of authority that any invalidity which would attach to the Callihan interest in the contract would also affect that of Tredways. We need not decide this question either in the light of the view we take of the matter.

We will assume without holding that the contract in question is contrary to public policy. We hold that in an action by a taxpayer to have declared void upon the grounds of public policy or prohibiting statute a contract for the purchase of real estate by a school district from an officer thereof, there can be no re-

covery of the purchase price in a case where the real estate is unchanged by improvements thereon and can therefore be readily returned unless the school district offers, or by being made a party can be compelled, to reconvey the title and deliver possession. Neither the plaintiffs nor the school district are entitled to have the relief prayed for.

The judgment of the lower court dismissing the petition of the plaintiffs is affirmed.

AFFIRMED.